**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Clifford W. Taylor    Michael F. Cavanagh
                      Elizabeth A. Weaver
                      Marilyn Kelly
                      Maura D. Corrigan
                      Robert P. Young, Jr.
                      Stephen J. Markman

FILED JUNE 25, 2008

ROBERT WALTERS,

      Plaintiff-Appellant,

v                                                    No. 131479

NATHAN NADELL,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

PER CURIAM.

The issue in this case is whether plaintiff may avail himself of the tolling provision of the Servicemembers Civil Relief Act (SCRA)[1] when he failed to raise that provision in response to a motion for summary disposition by defendant. We hold that he may not. In lieu of granting leave to appeal, MCR 7.302(G)(1), we affirm the judgment of the Court of Appeals, but for a different reason. We vacate that portion of the Court of Appeals judgment holding that the SCRA tolling provision is discretionary; the tolling provision is mandatory. We hold, however,

---

[1] 50 USC Appendix 526(a).

that the Court of Appeals did not err by refusing to consider the issue because the tolling provision may be waived if it is not raised in the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff, Robert Walters, was involved in an automobile accident with defendant, Nathan Nadell, on May 11, 2001.  Plaintiff filed a complaint on February 26, 2004, that alleged that defendant was negligent.[2]  Plaintiff was unable to serve defendant before his original and second summonses expired because defendant was serving in the military.  The period of limitations for plaintiff's action expired while he was attempting to perfect service of process.[3]

On October 21, 2004, plaintiff filed a second, separate complaint against defendant, raising the same claims against defendant as those in the first complaint.  Plaintiff was issued a summons for the second action that expired on January 20, 2005.[4]  Defendant was served with the summons and complaint on December 10, 2004, at Fort Benning, Georgia.  Defendant filed a motion seeking

---

[2] As part of that action, plaintiff also filed a declaratory judgment action against the insurer of the automobile that he was operating at the time of the accident.  The insurer is no longer a party to these proceedings.

[3] Pursuant to former MCL 600.5805(9), now MCL 600.5805(10), the period of limitations expired on May 12, 2004.

[4] Plaintiff also sought and obtained an amendment to the second summons he was issued in the first action.  The second summons was amended to expire on January 20, 2005.  Defendant was served with the amended summons, but he prevailed on a summary disposition motion, arguing that, under MCR 2.102(D), the court did not have authority to amend the second summons.  Plaintiff has not appealed that decision.

dismissal with prejudice on the ground that the period of limitations had expired before plaintiff filed his complaint for the second action. Plaintiff responded to defendant's motion, arguing that the period of limitations was tolled pursuant to MCL 600.5853. The trial court granted summary disposition in favor of defendant and entered an order dismissing plaintiff's complaint with prejudice.

Plaintiff appealed, arguing that the period of limitations was tolled under MCL 600.5853. Plaintiff also argued, for the first time, that the tolling provisions of the SCRA required reversal. The Court of Appeals affirmed the trial court, albeit on different grounds, and declined to address plaintiff's SCRA argument, holding that it was unpreserved for appellate review and that the tolling provision of the SCRA was discretionary.[5]

Plaintiff sought leave to appeal in this Court, arguing only that his claims were timely because the SCRA tolled the period of limitations.

## II.     STANDARD OF REVIEW

We review de novo the grant or denial of summary disposition.[6] This case requires us to interpret provisions of the SCRA. Statutory interpretation is a question of law, which we review de novo.[7] When interpreting a federal statute,

---

[5] *Walters v Nadell*, unpublished opinion per curiam of the Court of Appeals, issued March 23, 2006 (Docket Nos. 263503 and 263504), pp 6-7.

[6] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[7] *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd*, 472 Mich 479, 488; 697 NW2d 871 (2005).

"'[o]ur task is to give effect to the will of Congress . . . .'"[8] To do so, "[w]e start, of course, with the statutory text," and "[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning."[9] "When the words of a statute are unambiguous, . . . 'judicial inquiry is complete.'"[10]

## III. THE SCRA'S TOLLING PROVISION IS MANDATORY

Plaintiff argues that the Court of Appeals erred by not addressing his SCRA argument because the tolling provision of the SCRA is mandatory and cannot be waived. We first address plaintiff's contention that the tolling provision of the SCRA is mandatory.

The former Soldiers' and Sailors' Civil Relief Act of 1940 underwent significant amendment in 2003 when Congress enacted the SCRA.[11] Before the amendment, former 50 USC Appendix 525 provided in part:

> The period of military service *shall not* be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in

---

[8] *Negonsott v Samuels*, 507 US 99, 104; 113 S Ct 1119; 122 L Ed 2d 457 (1993), quoting *Griffin v Oceanic Contractors, Inc,* 458 US 564, 570; 102 S Ct 3245; 73 L Ed 2d 973 (1982).

[9] *BP America Production Co v Burton*, 549 US 84, ___; 127 S Ct 638, 643; 166 L Ed 2d 494 (2006).

[10] *Connecticut Nat'l Bank v Germain*, 503 US 249, 254; 112 S Ct 1146; 117 L Ed 2d 391 (1992), quoting *Rubin v United States,* 449 US 424, 430; 101 S Ct 698; 66 L Ed 2d 633 (1981).

[11] See PL 76-861, 54 Stat 1178, as amended by PL 108-189, 117 Stat 2835. The SCRA is codified at 50 USC Appendix 501 *et seq.*

any court . . . by or against any person in military service . . . .
[Emphasis added.]

The substantive equivalent of this provision is now in 50 USC Appendix 526(a), which provides in relevant part:

> The period of a servicemember's military service *may not* be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . by or against the servicemember . . . . [Emphasis added.]

The United States Supreme Court interpreted former 50 USC Appendix 525 of the Soldiers' and Sailors' Civil Relief Act and held that it was "unambiguous, unequivocal, and unlimited."[12] We do not believe that the 2003 amendments inserted any ambiguity into the meaning of the tolling provision, and we similarly hold that current 50 USC Appendix 526 is "unambiguous, unequivocal, and unlimited."

The Court of Appeals opined that the change from "shall not" to "may not" rendered the tolling discretionary. Although the term "shall" is clearly mandatory, and the term "may" is typically permissive, "may not," in the context of 50 USC Appendix 526(a), is not permissive. "May not," as it is used in 50 USC Appendix 526(a), has the same meaning and import as "cannot" or its predecessor, "shall

---

[12] *Conroy v Aniskoff*, 507 US 511, 514; 113 S Ct 1562; 123 L Ed 2d 229 (1993).

5

not."[13]  The provision clearly provides that the time that a servicemember is in military service is excluded from any period of limitations.

The Court of Appeals erred in its conclusion that the amendment rendered the tolling provision discretionary.  We hold that the tolling provision, 50 USC Appendix 526(a), is mandatory.  We must next consider whether the act nonetheless permits waiver of the mandatory tolling provision.

IV.  A PLAINTIFF WITH CLAIMS AGAINST A SERVICEMEMBER MAY WAIVE THE SCRA'S MANDATORY TOLLING PROVISION

The SCRA makes clear that the servicemember may waive the protections of the act.  50 USC Appendix 517(a) provides that "[a] servicemember may waive any of the rights and protections provided by this Act."[14]  50 USC Appendix

---

[13] See *Ryan v Wayne Co Bd of Canvassers*, 396 Mich 213, 216; 240 NW2d 236 (1976) ("[T]he phrase '*may* not be recounted' means *shall* not be recounted.").

[14] We have recognized a distinction in Michigan law between the terms "waiver" and "forfeiture."  See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 69-70; 642 NW2d 663 (2002).  "Waiver" is an intentional and voluntary relinquishment of a known right, while "forfeiture" is "the failure to assert a right in a timely fashion." *Id.* at 69.  That distinction has relevance in some contexts in which certain, usually constitutional, rights may be waived but not forfeited.  See *Freytag v Internal Revenue Comm'r*, 501 US 868, 895 n 2; 111 S Ct 2631; 115 L Ed 2d 764 (1991) (Scalia, J., concurring in part) (comparing the rights to counsel and trial by jury, which cannot be forfeited by any means short of waiver, to other rights that can be forfeited).  In the civil procedure context, however, the term "waiver" is typically used in the colloquial sense, encompassing inaction that would technically constitute forfeiture.  For example, FR Civ P 12(h)(1) provides that "[a] party *waives* any defense listed in [FR Civ P 12(b)(2) through (5)] by" failing to raise it in a motion or responsive pleading.  (Emphasis added.)  This, incidentally, is consistent with our own rules of civil procedure.  See, e.g., MCR 2.111(F) and 2.116(D)(1).  The SCRA generally serves to suspend rights and

(. . . continued)

6

517(b) requires written waivers for certain actions that arise from disputes involving certain legal instruments,[15] but in all other actions the rights and protections of the act may be waived by any other means.[16]

---

(continued . . .)
liabilities that would be enforced through civil litigation. See 50 USC Appendix 502(2) and 512(b). Indeed, the tolling of a period of limitations, which determines when a civil action may be brought, is distinctly a matter of civil procedure. Thus, we believe that Congress used the term "waive" in the SCRA in the manner that it is commonly used in civil procedure, permitting forfeiture as well as waiver. Accordingly, we use the term "waiver" in a manner consistent with the federal statute and court rules throughout this opinion.

[15] 50 USC Appendix 517(b).

[16] 50 USC Appendix 517 provides in its entirety:

(a) In general.—A servicemember may waive any of the rights and protections provided by this Act [50 USC Appendix 501 through 596]. Any such waiver that applies to an action listed in subsection (b) of this section is effective only if it is in writing and is executed as an instrument separate from the obligation or liability to which it applies. In the case of a waiver that permits an action described in subsection (b), the waiver is effective only if made pursuant to a written agreement of the parties that is executed during or after the servicemember's period of military service. The written agreement shall specify the legal instrument to which the waiver applies and, if the servicemember is not a party to that instrument, the servicemember concerned.

(b) Actions requiring waivers in writing.—The requirement in subsection (a) for a written waiver applies to the following:

(1) The modification, termination, or cancellation of—

(A) a contract, lease, or bailment; or

(B) an obligation secured by a mortgage, trust, deed, lien, or other security in the nature of a mortgage.

(. . . continued)

7

Waiver under the SCRA is not limited to servicemembers.  Congress set out the purpose of the SCRA in 50 USC Appendix 502:

> (1)  to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2)  to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

---

(continued . . .)

> (2) The repossession, retention, foreclosure, sale, forfeiture, or taking possession of property that—
>
> (A) is security for any obligation; or
>
> (B) was purchased or received under a contract, lease, or bailment.
>
> (c) Prominent display of certain contract rights waivers.— Any waiver in writing of a right or protection provided by this Act that applies to a contract, lease, or similar legal instrument must be in at least 12 point type.
>
> (d) Coverage of periods after orders received.—For the purposes of this section—
>
> (1) a person to whom section 106 [50 USC Appendix 516] applies shall be considered to be a servicemember; and
>
> (2) the period with respect to such a person specified in subsection (a) or (b), as the case may be, of section 106 shall be considered to be a period of military service.

Thus, in order to strengthen the national defense, Congress enacted the SCRA to temporarily free servicemembers from the burden of participating in litigation. The tolling of periods of limitations in actions against servicemembers serves to "provide for, strengthen, and expedite the national defense" by protecting "the civil rights of servicemembers during their military service." The benefits of the tolling provision to a plaintiff suing a servicemember are merely incidental to the protections that provision provides servicemembers.

Congress enacted the SCRA as a shield to protect servicemembers from having to respond to litigation while in active service, but manifestly indicated that the SCRA's protections may be waived.[17] Here, plaintiff is seeking to transform the SCRA into a sword to preserve his lawsuit without having timely invoked its provisions. It would be incongruent with the purpose of the SCRA to permit a servicemember to waive the rights and protections of the act, but bar a nonservicemember from waiving incidental benefits, and thereby provide, without exception, incidental benefits to a nonservicemember. The express purpose of the act is inconsistent with providing more protections to a nonservicemember than a servicemember. Because the purpose of the act is to protect servicemembers, we conclude that Congress did not intend to prohibit waiver by a nonservicemember. Therefore, we hold that the mandatory tolling provision of 50 USC Appendix

---

[17] See 50 USC Appendix 517(a) ("A servicemember may waive any of the rights and protections provided by the Act.").

526(a) may be waived by a plaintiff asserting a claim against a servicemember during the servicemember's military service.[18]

The final question we must resolve is whether plaintiff waived the tolling of the period of limitations in this case by failing to raise the tolling provision in the trial court.

## V. PLAINTIFF WAIVED THE SCRA'S MANDATORY TOLLING PROVISION

Michigan generally follows the "raise or waive" rule of appellate review.[19] Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court.[20] Although this Court has inherent power to review an

---

[18] In his dissent, the Chief Justice asserts that we have read a waiver provision for nonservicemembers into the SCRA. *Post* at 5. Our discussion merely establishes that Congress did not intend that the rights and protections of the SCRA would be unwaivable mandates. The Chief Justice implicitly recognizes this to be true by acknowledging that, absent a miscarriage of justice, plaintiff waived tolling pursuant to the SCRA. *Post* at 7, citing *Napier v Jacobs*, 429 Mich 222, 232-233; 414 NW2d 862 (1987). Indeed, the only distinction between the majority opinion and the dissent is that we hold that there is no miscarriage of justice in permitting plaintiff to waive a mandatory tolling provision, just as we permit waiver of a mandatory statute of limitations defense, see n 30 of this opinion and accompanying text, but the dissent would remand this case to the Court of Appeals for further consideration of that issue. *Post* at 7-8.

[19] See *Napier, supra* at 228.

[20] *Id.*; *Therrian v Gen Laboratories, Inc*, 372 Mich 487, 490; 127 NW2d 319 (1964) ("Since defendant failed to raise such issues below, they are not available to it on appeal.").

issue not raised in the trial court to prevent a miscarriage of justice,[21] generally a "failure to timely raise an issue waives review of that issue on appeal."[22]

The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually.[23] This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful.[24] Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention.[25] Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute.

---

[21] *Napier*, *supra* at 233 ("'[S]uch inherent power is to be exercised only under what appear to be compelling circumstances to avoid a miscarriage of justice or to accord a [criminal] defendant a fair trial.'"), quoting *People v Farmer*, 380 Mich 198, 208; 156 NW2d 504 (1968).

[22] *Napier*, *supra* at 227.

[23] See *id.* at 228-229.

[24] *Id.* at 228.

[25] See *Kinney v Folkerts*, 84 Mich 616, 625; 48 NW 283 (1891) ("Parties cannot remain silent, and thereby lie in wait to ground error, after the trial is over, upon a neglect of the court to instruct the jury as to something which was not called to its attention on the trial, especially in civil cases.").

Plaintiff's cause of action accrued on May 11, 2001, and plaintiff filed the instant complaint on October 21, 2004. Without tolling, the period of limitations for plaintiff's claim expired on May 12, 2004. Defendant moved to dismiss plaintiff's complaint with prejudice, arguing that plaintiff had filed his complaint after the period of limitations expired. It is undisputed that plaintiff did not raise the tolling provision of the SCRA in response to defendant's motion. Thus, under our "raise or waive" rule, it is undisputed that plaintiff waived the tolling provision.

It could be argued that the tolling provision cannot be waived because it is mandatory. However, as discussed, Congress did not intend to prohibit waiver by a nonservicemember. Moreover, our "raise or waive" rule permits waiver of otherwise mandatory statutory provisions. For example, our statute of limitations provision is mandatory, just like the tolling provision of the SCRA:

> A person *shall not* bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the period of time prescribed by this section.[26]

It has long been the rule in Michigan that a defendant may waive a statute of limitations defense by failing to raise it in the trial court.[27] Under the Michigan

---

[26] MCL 600.5805(1) (emphasis added).

[27] See *Moden v Superintendents of the Poor of Van Buren Co*, 183 Mich 120, 125-126; 149 NW 1064 (1914); see also *Roberts, supra* at 67 (noting that "a

(. . . continued)

Court Rules, a defendant waives a statute of limitations defense by failing to raise it in his first responsive pleading.[28] The defendant may cure his failure to raise the defense in his first responsive pleading by amending the pleading,[29] but the defendant must, in any event, raise the defense in the trial court.

We hold that a tolling provision may be waived just as a statute of limitations defense may be waived. Consistent with the rule against appellate review of issues not raised in the trial court, a plaintiff may waive the tolling of the period of limitations by failing to raise it in the trial court.[30]

We are aware of decisions in other courts that reach the opposite conclusion,[31] but those decisions are not binding, and we do not find them

---

(continued . . .)
defendant could effectively 'waive' any objections to plaintiff's fulfillment of the requirements of [MCL 600.5856(d) by] fail[ing] to invoke the pertinent statute of limitations after a plaintiff files suit . . . ."); *Lothian v Detroit*, 414 Mich 160, 167; 324 NW2d 9 (1982) ("Similarly, [a statute of limitations] defense may be waived by failure to plead it, by express agreement not to assert it, or by conduct which estops the defendant from interposing it.").

[28] MCR 2.111(F)(3)(a).

[29] Under MCR 2.118(A)(1), the defendant may amend its first responsive pleading "as a matter of course . . . within 14 days after serving the pleading if it does not require a responsive pleading." Otherwise the defendant may only amend its first responsive pleading "by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2).

[30] We note that because we permit waiver of statute of limitations defenses, waiver of tolling those same periods of limitations does not present a "miscarriage of justice" that would permit appellate intervention. See *Napier, supra* at 233.

[31] See, e.g., *Ricard v Birch*, 529 F2d 214 (CA 4, 1975); *Kenney v Churchill Truck Lines, Inc*, 6 Ill App 3d 983; 286 NE2d 619 (1972).

persuasive.[32] Plaintiff failed to raise his SCRA argument in the trial court, but now seeks belatedly to use it as a sword to defeat dismissal. This would have the perverse effect of rendering the servicemember amenable to suit when the tolling provision was never invoked in the trial court. Therefore, we hold that plaintiff has waived the tolling provision of the SCRA, and the Court of Appeals did not err by not addressing the merits of plaintiff's SCRA argument.

## VI.   CONCLUSION

The tolling provision of the SCRA, 50 USC Appendix 526(a), is mandatory but not self-executing. A litigant pursuing a claim against a servicemember has a responsibility to bring the tolling provision to the attention of the trial court if he desires to avail himself of its benefits. Plaintiff failed to raise the tolling provision

---

[32] See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) (holding that, "[a]lthough lower federal court decisions may be persuasive, they are not binding on state courts"). In *Ricard*, *supra* at 216, the United States Court of Appeals for the Fourth Circuit held that the SCRA tolling provision could not be waived because "orderly rules of procedure do not require sacrifice of the rules of fundamental justice." The *Ricard* holding (1) is inconsistent with the principal rationale for our waiver rule, (2) suggests an exception that would consume the rule, and (3) is inconsistent with our precedent permitting waiver of a statute of limitations defense. Thus, we do not follow its holding.

of the SCRA in the trial court; therefore he has waived his right to raise the provision as grounds for relief on appeal.

Affirmed in part and vacated in part.

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr
Stephen J. Markman

15

STATE OF MICHIGAN

SUPREME COURT

ROBERT WALTERS,

    Plaintiff-Appellant,

v                                                              No. 131479

NATHAN NADELL,

    Defendant-Appellee.

_____

WEAVER, J. (*concurring*).

I concur in the result of the majority opinion affirming the refusal of the Court of Appeals to address plaintiff's argument concerning the tolling provision of the Servicemembers Civil Relief Act,[1] because the plaintiff waived that argument at the trial court level.

                                        Elizabeth A. Weaver

_____

[1] 50 USC Appendix 526(a).

STATE OF MICHIGAN

SUPREME COURT

ROBERT WALTERS,

      Plaintiff-Appellant,

v                                                                                              No. 131479

NATHAN NADELL,

      Defendant-Appellee.

_____

TAYLOR, C.J. (*concurring in part and dissenting in part*).

At issue in this case is whether the tolling provision of the Servicemembers Civil Relief Act (SCRA), 50 USC Appendix 526(a), tolls the period of limitations for a plaintiff's cause of action when the plaintiff, a nonservicemember, failed to raise the tolling provision at the trial-court level. The Court of Appeals declined to address this issue because it determined that the issue was unpreserved and that, in any event, the tolling provision was discretionary. A majority of this Court holds that the tolling provision is mandatory, not discretionary, but affirms on the different ground that plaintiff waived the tolling provision when he failed to raise it at the trial-court level.

Although I agree with the majority that certain portions of the SCRA were intended to benefit both servicemembers and nonservicemembers, and I agree that the SCRA's tolling provision is mandatory, I disagree that a nonservicemember can waive the provision. Rather than affirm the Court of Appeals on a different

ground, as the majority does, I would reverse in part the judgment of the Court of Appeals and remand this case to the Court of Appeals to consider whether, to avoid a miscarriage of justice, it should remand this case to the circuit court so that plaintiff can develop a complete record concerning defendant's periods of military service and any other matters relevant to whether the SCRA tolled the period of limitations applicable to plaintiff's claim.

The purposes of the SCRA, as set forth in 50 USC Appendix 502, are:

> (1) to provide for, strengthen, and expedite the national defense through *protection extended by this Act to servicemembers* of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions *that may adversely affect the civil rights of servicemembers* during their military service. [Emphasis added.]

Despite the clear indication in 50 USC Appendix 502 that the SCRA is intended to benefit servicemembers, and its lack of reference to nonservicemembers, several courts have held that the SCRA was intended to benefit servicemembers and nonservicemembers alike.[1] And, indeed, the tolling

---

[1] *Ray v Porter,* 464 F2d 452, 455 (CA 6, 1972) ("The [SCRA] was adopted by the Congress to protect the rights of individuals in the military service of the United States, and also to protect the rights of individuals having causes of actions against members of the Armed Forces of the United States."), citing, among other cases, *Stewart v Kahn,* 78 US (11 Wall) 493; 20 L Ed 176 (1871), and *Wolf v Internal Revenue Comm'r,* 264 F2d 82 (CA 3, 1959); *Ricard v Birch,* 529 F2d 214, 216 (CA 4, 1975) ("[T]he parallel purpose of the Act [is] to protect the rights of individuals having causes of action against members of the armed forces."); *In re AH Robins Co, Inc,* 996 F2d 716, 720 (CA 4, 1993) (stating that the benefits of

(. . . continued)

provision of 50 USC Appendix 526(a) appears to suggest that this may be the case:

> The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . *by or against* the servicemember . . . . [Emphasis added.]

By its use of the phrase "by or against," the provision implies at least an incidental benefit of tolling to nonservicemembers. Several courts have held that this tolling provision is automatic, which means that all that must be shown in order for tolling to apply while the period of limitations is running or has expired is that one party is in the armed service.[2] In this case, the trial court was apprised at the time plaintiff sought an extension for the summons that the reason plaintiff was unable to serve defendant was because defendant was in the service. For courts that adhere to the automatic tolling, this would mean that, at that moment, the automatic tolling provision was activated. The issue here is whether Michigan adheres to the automatic-tolling doctrine.

---

(continued . . .)

the tolling mechanism "inure both to military personnel and to those with rights of action against military personnel"); *Kenney v Churchill Truck Lines, Inc,* 6 Ill App 3d 983, 993; 286 NE2d 619 (1972) ("The act is not restrictive to merely the serviceman, since it addresses itself to 'any action or proceeding in any court . . . by or against any person in military service.'"); *Ludwig v Anspaugh,* 785 SW2d 269, 271 (Mo, 1990) ("[I]ts purpose is not only to protect the rights of citizens serving in the armed forces but also those of persons having causes of action against persons in military service.").

[2] *Ray, supra* at 456; *Ricard, supra* at 217; *In re AH Robins Co, Inc, supra* at 718; *Kenney, supra* at 993,* quoting *Illinois Nat'l Bank of Springfield v Gwinn,* 390 Ill 345, 354; 61 NE2d 249 (1945); *Ludwig, supra* at 271.

Various courts have also held that the tolling provision is mandatory and not subject to judicial discretion.[3] Even our own court rules recognize the mandatory, automatic nature of the SCRA's tolling provision by requiring as a prerequisite for granting a default judgment that an affidavit of nonmilitary service must be filed in actions in which a defendant has failed to appear. MCR 2.603(C). Because the tolling provision is automatic, mandatory, and preclusive of state statutory periods of limitations, other courts have recognized that it can be raised for the first time on appeal, which is akin in some sense to the treatment of jurisdictional claims, although not discussed in those explicit terms.[4]

Notwithstanding the mandatory nature of 50 USC Appendix 526(a), 50 USC Appendix 517(a) expressly provides that a "servicemember may waive any of the rights and protections provided by this Act," which necessarily includes the tolling provision. There is no similar provision with respect to nonservicemembers. Although 50 USC Appendix 517, by its plain terms, applies only to servicemembers and the SCRA contains no similar waiver provision for

---

[3] *Ray, supra* at 455-456; *Ricard, supra* at 216; *In re AH Robins Co, Inc, supra* at 718, 720; *Kenney, supra* at 993, quoting *Illinois Nat'l Bank, supra* at 354; *Ludwig, supra* at 271. Cf. *Conroy v Aniskoff,* 507 US 511, 514-515; 113 S Ct 1562; 123 L Ed 2d 229 (1993) ("The statutory command in [former 50 USC Appendix 525] is unambiguous, unequivocal, and unlimited," and a review of other provisions in the act "supports the conclusion that Congress meant what § 525 says.").

[4] *Ricard, supra* at 216; *Kenney, supra* at 992-993.

4

nonservicemembers, the majority here extends the right to waive the tolling provision to nonservicemembers.

In effecting this "addition" to the statute, the majority, citing congruency, relies unconvincingly on the statutory purpose of the SCRA (which does not even mention nonservicemembers) and the tolling statute (which itself contains no waiver provision) to conclude that a nonservicemember may waive the entitlement to tolling by failing to raise it. This addition by the majority is puzzling conceptually because this Court has strongly forbidden courts from adding language, or rights, to statutes. Moreover, the language in the statute that the majority uses as the basis for this addition neither mentions nonservicemembers in giving rights nor discusses the notion of waiver with respect to tolling. Moreover, our sense of what is congruent should not trump the Legislature's. Yet the majority reads waiver by the nonservicemember into the tolling provision.

Furthermore, to do so here is even more unsettling, given that the United States Supreme Court has instructed that the statute means what it says and that no additions are allowed. In *Conroy v Aniskoff,* 507 US 511; 113 S Ct 1562; 123 L Ed 2d 229 (1993), the Court was invited to add words or concepts to the predecessor statute. It refused to do so. In *Conroy,* the United States Supreme Court considered whether a servicemember was required to demonstrate prejudice before being entitled to tolling under former 50 USC Appendix 525. The Court first noted that the statutory command in the tolling provision "that the period of military service 'shall not be included' in the computation of 'any period now or

5

hereafter provided by any law'"—was unambiguous, unequivocal, and unlimited. *Id.* at 514. In rejecting the respondents' argument—that the statute implicitly conditioned tolling on a showing of hardship or prejudice because other provisions of the SCRA were expressly conditioned on a showing of prejudice—the Court reasoned:

> Respondents also correctly remind us to "follow the cardinal rule that a statute is to be read as a whole, see *Massachusetts v. Morash,* 490 U.S. 107, 115 [109 S Ct 1668; 104 L Ed 2d 98] (1989), since the meaning of statutory language, plain or not, depends on context." *King* v. *St. Vincent's Hospital,* 502 U.S. 215, 221 [112 S Ct 570; 116 L Ed 2d 578] (1991). But as in *King,* the context of this statute actually supports the conclusion that Congress meant what [former 50 USC Appendix 525] says. Several provisions of the statute condition the protection they offer on a showing that military service adversely affected the ability to assert or protect a legal right. To choose one of many examples, [former 50 USC Appendix 532(2)] authorizes a stay of enforcement of secured obligations unless "the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service." The comprehensive character of the entire statute indicates that Congress included a prejudice requirement whenever it considered it appropriate to do so, and that its omission of any such requirement in § 525 was deliberate. [*Conroy, supra* at 515-516.]

The United States Supreme Court's sound reasoning is no different from this Court's own standards of statutory interpretation. We assume that the Legislature intended what it plainly expressed. See *Liss v Lewiston-Richards, Inc,* 478 Mich 203, 207; 732 NW2d 514 (2007). We do not read language into an unambiguous statute. *People v McIntire,* 461 Mich 147, 153; 599 NW2d 102 (1999). And when the Legislature includes certain language in one statutory provision but not in another, we do not read the missing language into the statute

6

under the assumption that the Legislature meant to include it; rather, we proceed under the assumption that the Legislature made a deliberate choice to not include the language. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d 76 (1993).

As applied here to the SCRA, then, the fact that Congress specifically provided for a waiver of SCRA provisions by a servicemember but did not likewise provide for a waiver by a nonservicemember must be interpreted as intentional, and it is not for this Court to give to a nonservicemember the ability to waive mandatory provisions in contravention of congressional intent. Likewise, the language contained in the tolling provision, 50 USC Appendix 526(a), that arguably applies to both servicemembers and nonservicemembers is not similarly contained in the waiver provision, 50 USC Appendix 517.

Finally, although this Court generally does not review unpreserved issues, we may make an exception when review is necessary to avoid a miscarriage of justice. *Napier v Jacobs,* 429 Mich 222, 232-233; 414 NW2d 862 (1987). Given that plaintiff was *not even required to file a complaint* as long as defendant was in the service, it seems inconceivable that plaintiff could somehow lose the benefit of tolling simply by filing the complaint but being unable to timely serve defendant. Thus, it appears that a miscarriage of justice could very likely occur without review. Accordingly, I would hold that plaintiff was unable to waive the mandatory, automatic tolling provision of 50 USC Appendix 526(a), that the Court

of Appeals erred in failing to consider plaintiff's argument on appeal, and that remand is necessary to address this argument.


Clifford W. Taylor

STATE OF MICHIGAN

SUPREME COURT

ROBERT WALTERS,

       Plaintiff-Appellant,

v                                           No. 131479

NATHAN NADELL,

       Defendant-Appellee.

_____

KELLY, J. (*concurring in part and dissenting in part*).

I agree with the majority that tolling is mandatory under the Servicemembers Civil Relief Act (SCRA)[1] and that the tolling provision[2] can be waived by both a servicemember and a nonservicemember. I also agree that the nonservicemember plaintiff waived the provision in this case by failing to raise it in the trial court. However, I conclude that remanding this matter to the Court of Appeals is necessary to avoid a possible miscarriage of justice. There is some evidence that defendant was evading service of process. If so, it would be unjust to permit him to avoid liability on the basis of plaintiff's failure to raise the tolling provision in the trial court. This is a compelling circumstance that permits

---

[1] 50 USC Appendix 501 *et seq.*

[2] 50 USC Appendix 526(a).

appellate review of the unpreserved claim that the SCRA tolled the period of limitations.[3]

This Court has the power to enter any order and grant relief as the case requires. MCR 7.316(A)(7). I would direct the Court of Appeals to determine whether, to avoid a miscarriage of justice, this case should be remanded to the Jackson Circuit Court. In that court, plaintiff could develop a complete record concerning matters relevant to whether the SCRA tolled the period of limitations applicable to plaintiff's claim against defendant Nathan Nadell. Such a record would include facts concerning defendant's periods of military service and his alleged evasion of service of process.

Marilyn Kelly

---

[3] See *Napier v Jacobs*, 429 Mich 222, 232-233; 414 NW2d 862 (1987).