*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STATLER, Minors.

UNPUBLISHED
May 13, 2021

No. 352674
Missaukee Circuit Court
Family Division
LC No. 2019-009796-NA

Before: MURRAY, C.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Respondents appeal as of right the trial court's order, entered following a dispositional review hearing, granting petitioner's motion to inoculate the minor children, RES and JMS. We affirm.

In March 2019, the Michigan Department of Health and Human Services (MDHHS) filed a petition requesting that the children be removed from respondents' home on the basis that RES developed significant developmental delays and JMS was admitted to the hospital "due to serious concerns of failure to thrive, malnutrition, and dehydration." The trial court authorized the petition and entered an ex parte order removing the children from respondents' home. In August 2019, MDHHS moved for permission to vaccinate the children on the basis that respondent-mother failed to consent to vaccinate the children. At a hearing on the motion, a registered nurse testified regarding the benefits of immunization, both to protect the children—particularly JES, who was "medically fragile"—and to protect society by preventing the spread of disease. The registered nurse testified she believed that the benefits outweighed the risks. Specifically, the registered nurse explained that it would be more difficult for JES to fight a disease compared to a healthy individual. Respondents argued that the testimony from the registered nurse did not sufficiently establish that JES would not experience negative side effects. Respondent-mother also argued that the "make-up of the vaccines" were against her religion. Relying on *In re Deng*, 314 Mich App 615; 887 NW2d 445 (2016), the trial court ordered that MDHHS had the authority to vaccinate the children at the discretion of the children's pediatrician. This appeal followed.

Respondents' counsel states in her brief on appeal that she "cannot find legal error to present to this Honorable Court" and that there is "no room for argument on appeal." Therefore, we conclude that respondents have waived the challenge to the trial court's order. See *Walters v*

*Nadell*, 481 Mich 377, 384 n 14; 751 NW2d 431 (2008) (stating that waiver is an intentional relinquishment of a known right); *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) (stating that a party may not appeal an error that it created). Moreover, regardless of the waiver, the trial court did not err by granting MDHHS's motion to inoculate the children.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "After the parent has been found unfit, the trial court assumes jurisdiction over the child and the dispositional phase of proceedings begins." *In re Deng*, 314 Mich App at 624. "[D]uring the dispositional phase, the trial court has the authority to order vaccination of a child when the facts proved and ascertained demonstrate that immunization is appropriate for the welfare of the juvenile and society." *Id*. at 625. Here, respondents were adjudicated to be unfit parents in May 2019, and the testimony of the registered nurse demonstrated that vaccination would benefit the children and society. Therefore, the trial court did not err by granting MDHHS's motion.

Affirmed.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher