*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN COALITION OF DRONE
OPERATORS, INC., and JASON R. GILLMAN,
JR.,

        Plaintiffs-Appellees,

v

OTTAWA COUNTY, OTTAWA COUNTY PARKS
AND RECREATION COMMISSION, DIRECTOR
OF OTTAWA COUNTY PARKS AND
RECREATION, and COORDINATOR OF
OTTAWA COUNTY PARK MAINTENANCE
AND OPERATIONS,

        Defendants-Appellants.

UNPUBLISHED
November 17, 2022

No.   359831
Ottawa Circuit Court
LC No.   21-006526-CZ

Before:  MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendants appeal as of right an order granting declaratory judgment and a permanent injunction in favor of plaintiffs in this case challenging, as preempted by state law, county ordinances prohibiting the operation of unmanned aerial systems.  We affirm.

In 2021, plaintiffs sought declaratory and injunctive relief alleging that defendants had enacted county ordinances prohibiting the operation of unmanned aerial systems (UAS), e.g., remote-controlled airplanes, helicopters, and drones, that directly conflicted with state laws. Plaintiffs averred that plaintiff Jason Gillman wanted to operate UAS recreationally and commercially within the geographical limits of properties affected by Ottawa County's ordinances and refrained from doing so because of the threat of criminal prosecution, fines, and costs, as well as the onerous requirement to obtain written permission.  In particular, plaintiffs averred, the Ottawa County Park Facilities Rules and Regulations (Park Rule) Ordinance 94-3, as amended by Ordinance 17.1, states in Section 16:

16.1    No person , while on Commission Park Property, shall:

\* \* \*

16.1c  Use or operate any remote-controlled airplane, helicopter, drone, car, boat, or similar device unless prior written permission is obtained from the Commission or its Agent.

And section 17 provides that the civil infraction penalty for violating the Rules may not exceed $100 and costs of prosecution.

Further, plaintiffs challenged Ottawa County Ordinance 400.5.1 *et seq.*, titled "Surveillance, Invasion of Privacy or Security on County Property." In particular, Ordinance 400.5.2.1 bans all drone usage "within Five Hundred (500) feet of the Ottawa County Jail or Juvenile Detention Facilities or Twenty (20) feet of the Grand Haven, Holland, or Hudsonville Courthouse Buildings." Ordinance 400.5.2.2 bans "drone usage with a camera/video operating and/or recording pictures or the audio of any person outside on County Property, including County Parks . . . ." without a permit. And, plaintiff averred, Ordinance 400.5.8.2 enforces the referenced ban with penalties that include up to 90 days imprisonment and/or up to a $500 fine and the cost of prosecution.

Plaintiffs averred that the Park Rule and ordinances directly conflicted with Michigan's Unmanned Aircraft Systems Act (UASA), MCL 259.301 *et seq.*, and thus, were conflict-preempted by state law. In particular, MCL 259.305 provides:

> (1) Except as expressly authorized by statute, a political subdivision shall not enact or enforce an ordinance or resolution that regulates the ownership or operation of unmanned aircraft or otherwise engage in the regulation of the ownership or operation of unmanned aircraft.

\* \* \*

> (3) This act does not prohibit a political subdivision from promulgating rules, regulations, and ordinances for the use of unmanned aircraft systems by the political subdivision within the boundaries of the political subdivision.

And MCL 259.311 provides:

> A person that is authorized by the Federal Aviation Administration to operate unmanned aircraft systems for commercial purposes may operate an unmanned aircraft system in this state if the unmanned aircraft system is operated in a manner consistent with federal law.

Likewise, MCL 259.313 provides:

> A person may operate an unmanned aircraft system in this state for recreational purposes if the unmanned aircraft system is operated in a manner consistent with federal law for the operation of a model aircraft.

Therefore, plaintiffs averred, they were entitled to a declaratory judgment under MCR 2.605 that defendants are prohibited by state law from enacting or enforcing their Park Rule and ordinances regulating and banning UAS on county property, and plaintiffs were entitled to injunctive relief preventing such enforcement.

Defendants answered that plaintiffs lacked standing because they neither sought nor were denied permission to operate a drone in Ottawa County. Defendants also denied that MCL 259.305(1) prohibits the use of their statutorily delegated authority to issues rules and ordinances that protect the security of its property and operations, as well as protect persons using county property from harassment or undue surveillance by UAS. Further, defendants averred, MCL 46.364(1) granted the right to make rules regarding county parks, MCL 750.539a-j prohibits surveillance or eavesdropping, and MCL 46.11(j) grants a county the right to enact ordinances that protect its security and privacy interests in its properties. Thus, defendants urged the trial court to dismiss the complaint with prejudice.

In supplemental briefing requested by the trial court, defendants argued that by enacting MCL 259.305 the Legislature did not intend to occupy the entire field of law or preempt local regulation of UAS because it included the phrase, "Except as expressly authorized by statute," and other statutes grant counties regulatory authority. Further, defendants noted, the Legislature did not enact any laws regarding the rights of property owners to restrict drones over their curtilage. In other words, there was no way to ensure jail or courthouse security if a county could not regulate the operation of UAS. Defendants argued that they could exercise control over their own property, including the immediate reaches of the air space, at least 85 feet above the tallest tree or building. Defendants claimed that if they were prohibited from controlling drones on county property, an unconstitutional taking without just compensation would occur. Defendants seemed to concede that the county's police powers were preempted at least in part by federal law, but they nevertheless urged the court that severe limits on regulations of drone usage could amount to an unconstitutional taking of affected lands without compensation.

Thereafter, the trial court issued its opinion and order granting a declaratory judgment in favor of plaintiffs and a permanent injunction. First, the court concluded that plaintiffs had standing to seek a declaratory judgment under MCR 2.605 because plaintiffs' claim "is one of facial preemption, which challenges the mere existence and threatened enforcement of the rule and ordinance." Further, an actual controversy existed because "[w]hether defendants' park rule and ordinance may be harmonized with the UASA, or are preempted, constitutes a present controversy that requires adjudication of the parties' rights before it ripens into plaintiffs' violation of the law or defendants' deprivation of a right." Second, the court noted that there are three forms of state preemption: express, field, and conflict preemption. The court concluded that the challenged Park Rule and ordinances were neither expressly nor field preempted by the UASA. However, the court concluded that the Park Rule and ordinances do directly conflict with the UASA and could not be harmonized.

In particular, the court noted, Park Rule 16.1c impermissibly regulates the flying of drones by limiting the times, conditions, and places for which defendants grant permission. In that aspect, the Park Rule directly conflicted "with FAA sovereignty that permits drones in the airspace, and with the UASA's § 305(1) prohibition on local regulation of drone operation absent express statutory authorization." The county's enabling statutes, MCL 46.11 and MCL 46.364, granting

the county authority to manage and control its property do not expressly authorize drone regulation; thus, the county "must cede to the UASA's specific prohibition on local regulation of drone operation." Because the Park Rule and the UASA cannot both be applied to the subject matter of drone operation or use, they conflict and the provisions of the UASA prevail. Likewise, the court held that Ordinances 400.5.2.1 and 400.5.2.2 directly conflicted with § 305(1) and § 305(3). And Ordinance 400.5.2.1 was impermissible because the FAA has exclusive authority to determine the airspace in which a person may operate a drone. The trial court rejected defendants' argument that property owners have rights in the airspace up to 500 feet above their property because no statute expressly provides such rights to landowners. In summary, the trial court concluded that Park Rule 16.1c was conflict-preempted by the UASA to the extent it included drones, and the entirety of Ordinance 400.5 was conflict-preempted by the UASA. Accordingly, a declaratory judgment was entered in favor of plaintiffs and a permanent injunction was granted consistent with the court's decision.

Defendants filed a motion for rehearing arguing, in relevant part, that although the trial court stated that only Ordinance Subsections 400.5.2.1 and 400.5.2.2 were at issue, it ruled that defendants were enjoined from enforcing the entire ordinance. The trial court granted the motion for rehearing to limit the scope of the injunction holding that only Ordinance Subsections 400.5.2.1 and 400.5.2.2 are enjoined and the remaining provisions of Ordinance 400.5 remained valid "to the extent that pursuant to them the county does not regulate the ownership, operation or use of unmanned aircraft in violation of MCL 259.305(1) and (3)." Defendants now appeal.

But defendants admit that they are not challenging on appeal the trial court's actual ruling regarding conflict preemption under MCL 259.305. Rather, defendants state on appeal that "Ottawa County limits its challenge to the injunction on the basis that the Drone Act, specifically MCL 259.320(1), recognizes that a property owner such as the County has the right to establish rules against drone usage on its property enforceable through criminal trespass, being MCL 750.552." But this case did not involve a criminal trespass. And the provisions of MCL 259.320(1) were not at issue in this case. Plaintiff brought this civil action seeking a declaratory judgment and permanent injunction on the ground that defendants Park Rule and specific ordinances were conflict-preempted by the UASA, specifically, MCL 259.305. And that is the basis of the trial court's ruling. The Court of Appeals is an error-correcting court, *Wolfenbarger v Wright*, 336 Mich App 1, 27; 969 NW2d 518 (2021), but defendants are requesting this Court to address, in the first instance, whether defendant Ottawa County—as a property owner and not as a political subdivision—can "prohibit drone usage on pain of a criminal trespass." Defendants are actually seeking a gratuitous opinion on a matter of their own interest—not the correction of an alleged error by the trial court. We conclude that it would be inappropriate for us to address this issue that was not raised, argued, considered, and decided in the trial court and we decline to do so. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (citations omitted).

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

-4-