*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL S. SHERMAN, D.O., PC, doing business as PHYSICIAN EYE CARE ASSOCIATES OF GARDEN CITY, and MICHAEL S. SHERMAN, D.O.,

      Plaintiffs/Counterdefendants/
      Intervening Defendants,

v

SHIRLEY T. SHERROD, M.D., PC, and SHIRLEY T. SHERROD, M.D.,

      Defendants/Counterplaintiffs/Third-
      Party Plaintiffs/Intervening
      Defendants-Appellants,

and

GARDEN CITY HOSPITAL and GARY LEY,

      Third-Party Defendants,

and

MERRILL LYNCH PIERCE FENNER & SMITH INC., and MERRILL LYNCH TRUST BANK,

      Garnishee Defendants,

and

SUNTRUST INVESTMENT SERVICES, INC., and SUNTRUST BANK, also known as TRUST BANK,

      Intervening Plaintiffs-Appellees.

UNPUBLISHED
June 27, 2024

No. 364053
Wayne Circuit Court
LC No. 08-014212-CK

-1-

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

The underlying dispute involves, in essence, a breach of contract stemming from the purchase of an ophthalmology practice. This is the sixth appeal arising from this dispute, and the second one dealing specifically with interpleader attorney fees and costs. See *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2013 (Docket Nos. 299045, 299775, and 308263) (*Sherman I*); *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2015 (Docket Nos. 320689, 323278, and 324569) (*Sherman II*); *Michael S. Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued January 17, 2019 (Docket No. 340408) (*Sherman III*); *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2021 (Docket No. 351634) (*Sherman IV*); and *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2022 (Docket No. 357502) (*Sherman V*).

Like the first appeal involving interpleader attorney fees and costs, *Sherman V*, defendants' claims in this appeal are unpreserved. Unlike that first appeal, we will not reach the merits of defendants' claims.

When intervening plaintiffs moved for attorney fees and costs, defendants did not have counsel; a month prior, the trial court had granted then-defense counsel Ari Lehman's motion to withdraw. Importantly, the trial court sought to ensure that defendants continued to receive notice of proceedings in the action, including by mail or overnight courier and e-mail to addresses provided by Lehman. Defendants failed to respond to intervening plaintiffs' motion and did not attend the hearing. There is nothing in the record to suggest that defendants did not receive notice of the motion or related hearing, and defendants do not argue lack of notice on appeal.

Instead, defendants acknowledge that the certificate of service filed along with the motion for attorney fees established that intervening plaintiffs had served defendants in compliance with the trial court order. Defendants assert, however, that Dr. Sherrod did not see the motion "[d]espite the interpleader plaintiffs' compliance with the service instructions." Defendants do not provide any evidence to support this factual assertion or any explanation for Dr. Sherrod's purported failure to receive and respond to the motion. Defendants did not move for reconsideration in the trial court or file a reply brief on appeal, nor have they explained why this Court should consider a matter that defendants did not address in the trial court.

Except for certain types of cases not relevant here, this Court applies the "raise or waive" rule of preservation in civil cases. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). For the rare case when manifest injustice would result if an unpreserved claim was passed over, our doctrine permits a panel to reach that unpreserved claim. See *General Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386-387; 803 NW2d 698 (2010). Similarly, a panel can address an unpreserved claim when doing so is necessary for a proper determination of the case, or when the claim is strictly one of law and the underlying facts are not in dispute. *Id*. None of these exceptions applies here, and no argument has been made by defendants to the contrary. See

-2-

*Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, ___ Mich App ___, ___ ; ___ NW3d ___ (2023) (Docket No. 359090), slip op at 5.

Accordingly, defendants' claim on appeal is waived, and the trial court's award of reasonable attorney fees and costs is affirmed.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani