*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD RICUMSTRICT and DARRELL
STEWARD,

        Plaintiffs-Appellees,

v

DEPARTMENT OF CORRECTIONS and STATE
OF MICHIGAN,

        Defendants-Appellants.

UNPUBLISHED
October 15, 2025
10:12 AM

No. 370900
Wayne Circuit Court
LC No. 21-008407-CD

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Defendants, the Michigan Department of Corrections (MDOC) and the state of Michigan, appeal of right the trial-court order denying their motion for summary disposition pursuant to MCR 2.116(C)(7) (dismissal is appropriate because of immunity). On appeal, defendants contend that summary disposition should have been granted because plaintiffs failed to comply with the notice requirements in the Court of Claims Act (COCA), MCL 600.6401 *et seq*. We reverse and remand for an award of summary disposition to defendants under MCR 2.116(C)(7).

## I. FACTUAL BACKGROUND

On July 12, 2021, plaintiffs, Donald Ricumstrict and Darrell Steward, filed a complaint in Wayne Circuit Court alleging that they were victims of discrimination by their employer, MDOC. They alleged that MDOC used discriminatory hiring policies and practices that resulted in the two of them, both Black men, being passed over for warden positions. Ricumstrict worked for MDOC for approximately 29 years as a deputy warden, but he was not hired as a warden despite applying for numerous positions. He asserted that, after he filed a "charge of discrimination" with the Equal Employment Opportunity Commission, he experienced adverse treatment on the job. Stewart had worked as a deputy warden since 2008. He became an acting warden in 2021, but he was not hired for the permanent role. The complaint alleged that "five of the six new Wardens were Caucasian." In their complaint, plaintiffs presented claims under the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*., for disparate treatment, disparate impact, and retaliation.

Approximately two years after plaintiffs filed their complaint, the Michigan Supreme Court issued *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), holding that, under MCL 600.6431, notice was required for all claims against the state, regardless of the forum. Defendants sought summary disposition under MCR 2.116(C)(7), insisting that plaintiffs' claims were barred by sovereign immunity. Specifically, plaintiffs had failed to comply with the notice provisions of MCL 600.6431 when they filed their complaint in Wayne Circuit Court. In May 2023, plaintiffs submitted a notice of intent to file a claim, but that occurred long after the one-year period set by MCL 600.6431 had expired.

The trial court denied defendants' motion for summary disposition, ruling that *Christie* did not apply retroactively. Plaintiffs relied on *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), overruled by *Christie*, 511 Mich 39, which held that notice was not required if a claim against the state was filed in circuit court, rather than the Court of Claims. The trial court decided that *Christie* ought not apply retroactively if plaintiffs had relied on *Tyrrell*, so the trial court denied summary disposition to defendants. This appeal followed.

## II. LEGAL ANALYSIS

Defendants assert that they are entitled to summary disposition under MCR 2.116(C)(7) of all claims in the complaint. Summary disposition under that rule is appropriate when dismissal is warranted because of "immunity granted by law[.]" The trial court's denial of defendants' motion for summary disposition is subject to de novo review on appeal. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). In reviewing a motion under MCR 2.116(C)(7), "this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. at 429. Applying these standards, we must consider the trial court's conclusion that defendants are not entitled to summary disposition based on immunity granted by law.

The trial court, in rendering its ruling, did not have the benefit of published opinions from this Court on the very issues presented in defendants' motion, so the trial court reasoned that our Supreme Court's decision in *Christie*, 511 Mich 39, should not be applied retroactively to bar the claims in plaintiffs' complaint. But since the trial court rendered its ruling, its reasoning has twice been rejected by this Court, first by the three-judge panel in *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863), and then by the seven-judge special panel in *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367902). The decision issued by that special panel "is binding on all panels of the Court of Appeals unless reversed or modified by the Supreme Court." MCR 7.215(J)(6). Therefore, we must apply its holding in this case, which leads ineluctably to the conclusion that the trial court erred when it denied summary disposition to defendants under MCR 2.116(C)(7).

The special panel embraced the *Flamont* Court's ruling that *Christie* was fully retroactive in all circumstances, including situations in which the plaintiff filed a complaint in a circuit court, but did not comply with the notice requirements in the COCA, MCL 600.6431. *Hudson*, ___ Mich App at ___; slip op at 5. That decision leaves no room for plaintiffs in this case to proceed with any claims on the merits. Their failure to comply with the notice requirements in the COCA, MCL

600.6431, necessarily forecloses their ELCRA claims against defendants. Therefore, the trial court erred as a matter of law by denying defendants' motion for summary disposition pursuant to MCR 2.116(C)(7). Accordingly, we reverse the trial court's decision to deny that relief, and we remand the case to the trial court for entry of an order awarding summary disposition to defendants under MCR 2.116(C)(7) on plaintiffs' claims.[1]

Reversed and remanded for entry of summary disposition under MCR 2.116(C)(7). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[1] Plaintiffs also insist that defendants have waived their sovereign immunity and that dismissal of plaintiffs' claims would violate their due process rights. Plaintiffs did not raise those issues in the trial court, so they have failed to preserve them for appeal. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Accordingly, they are waived, see *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294; 14 NW3d 472 (2023), so we decline to consider those issues further.