*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MM.

---

SARAH WIESE,

        Petitioner-Appellee,

v

MM,

        Respondent-Appellant.

UNPUBLISHED
December 08, 2025
10:38 AM

No. 374725
Washtenaw Probate Court
LC No. 25-000087-MI

---

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent, MM, appeals by right the trial court's order requiring her to undergo involuntary mental-health treatment, arguing that the trial court erred by not confirming with respondent whether she met with her attorney before the hearing as required by MCL 330.1454. For the reasons set forth in this opinion, we disagree with respondent that the trial court erred, so we therefore affirm.

## I. BACKGROUND AND FACTS

On or about February 1, 2025, respondent arrived at the emergency department of Trinity Health hospital in Ann Arbor, complaining of a headache that she reported was caused by a microchip implanted by Bill Gates. Following examination by two psychiatrists, a social worker petitioned the trial court to involuntarily hospitalize MM, alleging that respondent suffered from mental illness and lacked an understanding of her need for treatment, which presented a substantial risk of significant physical or mental harm to herself or others.

On February 3, 2025, the trial court entered an order setting a hearing for two days later and appointing respondent legal counsel. The same day, respondent's counsel filed a "Certificate of Legal Counsel," averring that she "personally ha[d] seen and consulted with" respondent at least 24 hours before the hearing on the petition. At the hearing on February 5, 2025, respondent's counsel stated on the record that she "ha[d] an opportunity to meet with Ms. McKinney" and that she "file[d] the requisite certificate." The trial court did not ask respondent if she met with her attorney before the hearing, but respondent did not dispute her counsel's representations to the trial

court. Based on the testimony of respondent and her attending psychiatrist, the trial court found by clear and convincing evidence that respondent was a person requiring treatment under MCL 330.1401(1)(a) and (c) and entered a corresponding order requiring respondent to receive treatment for a period not to exceed 180 days. Respondent now appeals.

## II. ANALYSIS

On appeal, respondent does not argue that the trial court erred by finding that she was a person requiring treatment under MCL 330.1401(1)(a) and (c). Rather, respondent contends, for the first time on appeal, that she did not meet with her attorney before the hearing as required by MCL 330.1454 and that the trial court erred by failing to confirm whether she met with counsel before the hearing.

Generally, an issue is properly preserved if it is addressed by the lower court. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008); *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). At the hearing on the petition, respondent did not assert that she did not meet with her attorney or raise any due process concerns. To the contrary, her counsel represented to the trial court that the two had met. Therefore, the issue is not preserved for appeal. See *id*. An unpreserved issue in a civil-commitment proceeding is reviewed for plain error affecting substantial rights. *In re MAT*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 2-3. To establish plain error, a party must show: "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [respondent]'s substantial rights." *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014) (quotation marks and citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008). This case involves interpretation of the Mental Health Code, MCL 330.1001 *et seq*., and we review de novo matters of statutory interpretation. *In re MAT*, ___ Mich App at ___; slip op at 2.

In civil-commitment proceedings, under MCL 330.1454(1), "[e]very individual who is the subject of a petition is entitled to be represented by legal counsel." Because "civil commitment proceedings in Michigan implicate important liberty interests, protected by due process, that belong to the person who is the subject of a petition for involuntary mental health treatment," *In re Londowski*, 340 Mich App 495, 508; 986 NW2d 659 (2022), "due process requires that an individual subject to a petition in a civil commitment proceeding has a right to the effective assistance of counsel," *id*. at 515.

To protect these rights in civil-commitment proceedings, upon the filing of a petition, MCL 330.1454 provides mandated deadlines by which attorneys must meet with their clients. MCL 330.1454 provides, in relevant part:

> (2) Unless an appearance has been entered on behalf of the subject of a petition, the court shall, within 48 hours after its receipt of any petition together with other documents required by section 452, appoint counsel to represent the subject of the petition, except that if an individual has been hospitalized, counsel shall be appointed within 24 hours after the hospitalization.

\* \* \*

(7) Legal counsel shall consult in person with the subject of a petition at least 24 hours before the time set for a court hearing.

(8) Legal counsel for the subject of a petition under section 452(1)(a) who is hospitalized pending the court hearing shall consult in person with the individual for the first time not more than 72 hours after the petition and 2 clinical certificates have been filed with the court.

(9) After the consultation required in subsection (7) or (8), counsel promptly shall file with the court a certificate stating that he or she personally has seen and has consulted with the subject of a petition as required by this section.

On this record, we conclude that the trial court did not err by ordering respondent to undergo mental-health treatment without doing more to confirm that she met with her attorney before the hearing on the petition. This Court's review is limited to the lower court record, MCR 7.210(A)(1), and the record is devoid of evidence to support respondent's claim that she did not meet with her attorney before the hearing. On February 3, 2025, the petition was filed; the trial court appointed respondent legal counsel; and respondent's counsel filed a certificate, certifying that she "personally ha[d] seen and consulted with the individual at least 24 hours before the time set for the hearing," which was listed as February 5, 2025. Two days later, at the hearing on the petition, respondent's counsel stated on the record that she "ha[d] an opportunity to meet with Ms. McKinney" and that she "file[d] the requisite certificate." Although the trial court did not ask respondent personally to verify that she met with counsel, respondent did not dispute her counsel's representation to the court—in writing, and verbally at the hearing—that such consultation took place.

Respondent argues that the trial court should have explicitly asked her whether she met with her attorney before the hearing, but MCL 330.1454 does not contain any such requirement and respondent does not point to any caselaw that supports such an interpretation of the statutory requirements. Therefore, we conclude that respondent has failed to establish that the trial court plainly erred by ordering respondent to mental-health treatment without explicitly asking her to confirm that she met with her attorney before the hearing on the petition.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-3-