SCHNACKENBERG *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SEPARATE SALE OF PARCELS AT SCAVENGER SALE—AS-
SESSED VALUATION.
Where assessed value of respective parcels incident to the tax
through the defaulted payment of which the State obtained
title was not disclosed by the record or proceedings, such land
was properly withheld from so-called scavenger sale since
statute pursuant to which such sale was held required the
several parcels to be offered separately and fixed minimum
acceptable bid at 25 per cent. of assessed valuation at last as-
sessment for year preceding vesting of title in the State (Act
No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub.
Acts 1939).

2. SAME—SCAVENGER SALE—BIDS.
The State land office board was not obliged to accept a tender
for certain parcels of land alleged to have been made at a so-
called scavenger sale where such parcels were properly with-
drawn from sale and trial court's finding that plaintiff failed
to make a bid at such sale in accordance with the statute is
sustained by the record (Act No. 155, § 7, Pub. Acts 1937, as
amended by Act No. 244, Pub. Acts 1939).

3. SAME—SCAVENGER SALE—IRREGULARITIES—TAX SALE.
Notwithstanding that an irregularity in proceedings by which
State acquired title to land prevented its being offered at a
so-called scavenger sale, since the former owner had its day
in court at the tax sale through which the State acquired
title, such irregularity does not now entitle the former owner's
grantee under quitclaim deed to have tax liens cancelled on
theory that the taxes in question were voidable.

---

* Continued from Vol. 306.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 8, 1943. (Docket No. 12, Calendar No. 42,207.) Decided October 11, 1943.

Bill by Joyce A. Schnackenberg against State Land Office Board to have assessments declared void and to restrain sale at public auction. Bill dismissed. Plaintiff appeals. Affirmed.

*Cobb & Nielsen,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons* and *Daniel J. O'Hara,* Assistants Attorney General, for the defendants.

NORTH, J. Plaintiff instituted this suit in equity against the State land office board to obtain an adjudication of his alleged rights in certain tax lands in Calhoun county, title to which is claimed by the State. After hearing on the merits, decree was entered in the circuit court dismissing the bill of complaint. Plaintiff has appealed.

At the regular May, 1938, tax sale in Calhoun county certain lots in Supervisor's Plat of West Highland No. 1 in Battle Creek township were sold to the State. At that time title to these lots was in the Reconstruction Finance Corporation, hereinafter designated as R. F. C. These lots were not redeemed, and on November 3, 1939, title thereto in the State became absolute. In consequence these lots were subject to sale at the February, 1940, scavenger sale and were so listed. However, they were not then offered for sale because it was ascertained that the lots in this plat had been assessed in blocks, and were so listed incident to the February, 1940, scavenger sale. In so doing, the listed

parcels included or covered lots which were not contiguous, which were of diversified ownership, and the February, 1940, tax sale proceedings did not disclose an assessed valuation of each of the *separate* lots.

Plaintiff herein, acting as agent for the R. F. C., attended the February, 1940, tax sale and requested the deputy sheriff in charge to offer the lots in suit at auction, plaintiff stating that he intended to bid in all properties belonging to R. F. C. Because of the above noted irregularities, they were not offered for sale. Shortly thereafter plaintiff received from the R. F. C. a quitclaim deed of the lots. This deed contains the following:

"It is intended by this instrument to convey to the party of the second part herein the right of the first party to acquire by bid or otherwise any title to the said properties above described, from the State of Michigan, by bid at any sale under the statutes relative to taxation of lands in the State of Michigan, and any title that first party might hereafter acquire by virtue of such bid is herein intended to be conveyed to the second party."

At the adjourned sale of October 9, 1940, these lots were again withheld; but upon republication they were included in a list of parcels for the scavenger sale of February, 1941. However, this sale was not to be on the basis of assessed values, but instead on the basis of appraised values fixed by the land board. Just prior to this sale plaintiff filed the bill of complaint herein and by temporary injunction prevented the sale of the lots in suit, and because of continued injunctive restraint these lots have not been offered at any subsequent sale.

In his, brief appellant's first contention is that the State land office board was obligated to accept

his tender which he claims he made at the February, 1940, tax sale in the amount of $72.40, that being stated to be 25 per cent. of the last preceding assessed valuation (1938) of the lots in suit and such tender having been made in behalf of R. F. C. as the owner of the lots immediately preceding vesting of title in the State. In taking this position appellant is proceeding on the theory that there was a valid assessment of the taxes for which the property was sold to the State.

As noted above, it was ascertained at or prior to the February, 1940, scavenger sale that the record or proceedings did not disclose the assessed value of the respective parcels incident to the tax through the defaulted payment of which the State obtained title. In consequence the sale of these parcels could not be conducted as required by the statute, which in part provides:

"Under rules and regulations of the board, the several parcels of land appearing upon such lists shall be offered for sale separately. * * * Provided, That no bid shall be accepted for a smaller sum than twenty-five per cent. of the assessed valuation of the parcel of land as fixed and determined at the last assessment for the year preceding the vesting of title in the State of Michigan." Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957).

Refusal in February, 1940, to offer these parcels for sale was proper under the circumstances. At and since the February, 1941, tax sale appellant has prevented defendant by injunction from offering these parcels for sale. Appellant is not entitled to any relief on the theory of his first contention above noted. Further, as tending to support this con-

clusion, it may be noted that the trial judge stated in his findings, and we think correctly, as follows:

"However, the record does not show that plaintiff as agent for the Reconstruction Finance Corporation or personally for himself ever made a bid on said lots. * * * The record in the county clerk's office shows that the lots were not offered, and shows no bid by plaintiff or any tender of any amount bid on said properties within 24 hours as required by the statute. * * * The evidence shows that the first tender of any amount was made at the time this suit was started."

In the alternative, as stated in his brief, appellant asserts that if the taxes assessed against these lots were invalid, the State land office board was duty bound to accept his tender incident to this suit of $568.96, that being the total of the taxes, penalties and accrued interest the default in payment of which resulted in title being vested in the State in November, 1939; and upon acceptance of the tender the lots should be conveyed to appellant as assignee or grantee of R. F. C. Appellant makes this contention, as stated in his brief: "on the theory that if the sale procedure (at the May, 1938, tax sale) was defective and the sale to the State voidable, then the R. F. C., as former owner, and its assignees had an absolute right to pay such taxes as were shown to be due, and to have the tax liens therefor cancelled." A major defect in appellant's reasoning is that his assignor or grantor, R. F. C., had its day in court as to the validity of the taxes at the time the auditor general's petition incident to the May, 1938, tax sale was heard. R. F. C. made no complaint of the irregularity in the manner of assessment, and it is now too late to attack in this suit the tax sale through which the State obtained its title. See *Kennedy* v. *Auditor General*. 134 Mich. 534; *Klotz* v. *Sloan*, 160 Mich.

483; *Detroit Life Ins. Co.* v. *Auditor General,* 228 Mich. 191. Notwithstanding the irregularity in assessing the property in suit prevented going forward with the scavenger sale in February, 1940, it does not follow that appellant is entitled to relief on the theory that the taxes in question were voidable.

We find no violation of any right of appellant by the defendant, State land office board, in its effort to have a public sale of the lots in suit in accord with statutory requirements, and thereby secure to the State any benefit which may be derived from competitive bidding at such sale. The record discloses no reason for granting plaintiff relief sought herein. The decree dismissing the bill of complaint is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.