HUNT v DRIELICK

HUBER v DRIELICK

LUCZAK v DRIELICK

Docket Nos. 299405, 299406, and 299407. Submitted October 3, 2012, at Lansing. Decided November 20, 2012, at 9:00 a.m. Leave to appeal sought.

Marie Hunt, personal representative of the estate of Eugene Hunt; Brandon Huber; and Thomas and Noreen Luczak brought separate actions in the Bay Circuit Court against Roger Drielick, doing business as Roger Drielick Trucking; Corey Drielick; Great Lakes Carriers Corporation; Sargent Trucking, Inc.; and others, following a multivehicle accident in which Corey was driving a Drielick Trucking semitractor without a trailer. Corey had been en route to Great Lakes to pick up a loaded trailer at the time of the accident. The court, William J. Caprathe, J., consolidated the actions. Empire Fire and Marine Insurance Company had issued a "nontrucking use" insurance policy to Drielick Trucking. Empire, citing the policy's named-driver and business-use exclusions, denied coverage and refused to defend the suit. Plaintiffs settled with Great Lakes and Sargent, entering into agreements to dismiss the suits against Great Lakes and Sargent in exchange for monetary compensation. Plaintiffs also entered into consent judgments with the Drielicks. In turn, the Drielicks assigned any rights they had to collect on their insurance claims to plaintiffs, Great Lakes, and Sargent, while Great Lakes and Sargent agreed to pursue satisfaction and reimbursement of the consent judgments. Plaintiffs agreed to share in the insurance proceeds with Great Lakes and Sargent in exchange for their collection efforts. The attorney for Great Lakes filed writs of garnishment against Empire for the amounts of the consent judgments. Empire moved to quash the writs. The court denied the motion, ruling that Empire had improperly denied coverage under the policy. The court issued three judgments against Empire in order to execute the consent judgments. Empire appealed. The Court of Appeals, HOEKSTRA, P.J., and COOPER and K. F. KELLY, JJ., affirmed in part, reversed in part, and remanded in an unpublished opinion per curiam, issued October 5, 2004 (Docket Nos. 246366, 246367, and 246368), concluding that Empire could not rely on the named-driver exclusion because the

policy did not meet the statutory requirements for excluding a named driver from coverage, but that Empire was entitled to defend against the garnishment on the basis of the business-use exclusion and that the trial court needed to take further evidence to determine whether the accident was a covered event. On remand, the trial court held that the business-use exclusion was not applicable and rejected Empire's objections to the garnishment. Empire appealed.

The Court of Appeals *held*:

Insurance contracts must be interpreted according to the terms in the contract and when the terms are clear, they must be enforced as written. In this case, the contract contained a business-use exclusion stating that Empire was not liable for bodily injury or property damage while a covered automobile was used to carry property in any business. The exclusionary language did not state that the automobile had to be carrying property at the time of the accident. The accident at issue occurred during an interval of time when the semitractor was employed for the purpose of carrying property in the trucking business given that it was being driven to a location where it was to pick up a loaded trailer to be transported. Therefore, the business-use exclusion applied and Empire was relieved from any obligation to provide coverage under the contract.

Reversed; writs of garnishment quashed.

INSURANCE — CONTRACTS — CONSTRUCTION OF CONTRACTS — EXCLUSIONS FROM COVERAGE — BUSINESS-USE.

Insurance contracts must be interpreted according to the terms in the contract and when the terms are clear, they must be enforced as written; an insurance contract containing a business-use exclusion stating that the insurer is not liable for bodily injury or property damage while a covered automobile is used to carry property in any business, does not apply only when the covered automobile is carrying property at the time of an accident; rather, the exclusion applies when an accident occurs during an interval of time when the automobile is employed for the purpose of carrying property in a business.

*David Carbajal* and *Bruce F. Trogan* for Marie Hunt.

*David Carbajal* and *Joseph S. Harrison* for Brandon J. Huber.

*David Carbajal* and *Peter J. Riebschleger* for Thomas Luczak and Noreen Luczak.

*Hickey, Cianciolo, Fishman & Finn, P.C.* (by *Steven M. Hickey*), for Sargent Trucking, Inc.

*Ward, Anderson, Porritt & Bryant, PLC* (by *David S. Anderson* and *Nicolette S. Zachary*) for Empire Fire and Marine Insurance Company.

Before: RONANYNE KRAUSE, P.J., and BORRELLO and RIORDAN, JJ.

RIORDAN, J. In a consolidated appeal in docket nos. 299405, 299406, and 299407, garnishee-defendant, Empire Fire and Marine Insurance Company appeals as of right a trial court order rejecting its objections to the garnishment sought by Great Lakes Carriers Corporation and Sargent Trucking, Inc. The garnishments were made payable to plaintiffs Marie Hunt, Thomas and Noreen Luczak, and James Huber, all of whom were involved in a car accident with truck driver Corey Drielick (Corey). We reverse the decision of the trial court and quash the writs of garnishment.[1]

---

[1] In their appellate brief, plaintiffs claim that this Court has already determined that this appeal cannot be an appeal as of right. Plaintiffs cite *Hunt v Drielick*, unpublished order of the Court of Appeals, entered September 3, 2010 (Docket No. 299389), involving a trial court order dated July 12, 2010, which vacated previous trial court orders nunc pro tunc. The order appealed here, however, is a different order entered on July 12, 2010, which overruled Empire's objections to the garnishment judgments. Thus, plaintiffs' argument is factually inaccurate because this Court has not ruled that the order at issue here is not a final order. Moreover, when dismissing Empire's delayed applications for leave to appeal, this Court specifically stated that Empire's claims could be raised as of right in the appeals at issue here. *Hunt v Drielick*, unpublished order of the Court of Appeals, entered January 21, 2011 (Docket No. 299290); *Huber v Drielick*, unpublished order of the Court of Appeals,

## I. BACKGROUND FACTS

### A. PREVIOUS APPEAL

Corey was driving a 1985 freightliner semitractor without a trailer when he was in a car accident with plaintiffs. After the accident, plaintiffs filed separate lawsuits, later consolidated, against numerous parties including Corey and his brother, Roger Drielick, as well as Sargent and Empire. In a previous appeal in the case, this Court summarized the factual developments and procedural history as follows:

> Defendant Roger Drielick contacted the insurance carrier for his trucking company, Empire, regarding the lawsuits. Empire had issued a non-trucking use, or bobtail, policy to Drielick Trucking. The policy covered damages and liability when the semi truck was not engaged in the business of hauling a trailer or under lease to a carrier. Empire denied coverage and refused to defend, based on the policy's business use exclusion, claiming that the truck was under lease to or being used in the business of Great Lakes at the time of the accident, and under the named driver exclusion. The policy excluded Corey as a covered driver.

> Following settlement negotiations, all plaintiffs settled with Great Lakes and Sargent and entered into a covenant to dismiss the suit against Great Lakes and Sargent and/or their insurance carriers. The settlement agreements did not release the Drielicks and expressly indicated that all plaintiffs and defendants were free to proceed against Empire. As a result of the settlement negotiations, plaintiffs also entered into consent judgments with the Drielicks. Thereafter, the parties agreed to an "Assignment, Trust and Indemnification Agreement." The Drielicks, to

entered January 21, 2011 (Docket No. 299286); *Luczak v Drielick*, unpublished order of the Court of Appeals, entered January 21, 2011 (Docket No. 299292). Thus, plaintiffs' challenge to this Court's jurisdiction is meritless.

avoid the collection and execution of the consent judgments against them, assigned their right to collect on their insurance claims to plaintiffs, as well as Great Lakes and Sargent. In turn, Great Lakes and Sargent agreed to attempt to collect the consent judgments and to intervene in any collection action filed by plaintiffs.

As a result of this agreement and the assignments therein, the attorney for Great Lakes filed writs of garnishment, with plaintiffs' consent, against Empire for the amounts of the consent judgments. Plaintiffs agreed to share in the proceeds with Great Lakes and Sargent in exchange for their collection efforts. Empire filed a motion to quash the writs, arguing that Great Lakes and Sargent lacked standing to seek the writs and that it properly denied coverage, based on the policy exclusions. The trial court denied the motion, finding that Empire improperly denied coverage under its policy. The court specifically found that Empire's named driver exclusion did not comport with MCL 500.3009(2), and that its business use exclusion was ambiguous. The trial court then issued three judgments against Empire, and in favor of plaintiffs, in order to execute the consent judgments. [*Hunt v Drielick*, unpublished opinion per curiam of the Court of Appeals, issued October 5, 2004 (Docket Nos. 246366, 246367, and 246368), pp 3-4.]

Empire appealed the trial court's garnishment ruling in this Court, claiming that the named-driver exclusion and the business-use exclusion justified the denial of coverage. *Id.* at 4-6. Empire's policy is titled "Insurance for Non-Trucking Use," and the business-use exclusion states that Empire is not liable for "[b]odily injury or property damage while a covered auto is used to carry property in any business or while a covered auto is used in the business of anyone to whom the auto is leased or rented." (Quotation marks omitted.) While this Court held that the named-driver exclusion was invalid, we also held that the business-use exclusion was unambiguous and further factual development was needed to

allow the trial court to determine if the business-use exclusion applies and, if so, whether a writ of garnishment was properly entered against Empire. *Hunt*, unpub op at 5-6.

### B. BUSINESS-USE EXCLUSION

Thus, the only remaining issue in the lawsuit is whether the business-use exclusion applies and precludes coverage. At the time of the accident, Corey was driving to the Great Lakes Carriers yard in Linwood because William Bateson, who worked for Great Lakes Carriers, had dispatched Corey to haul a load to Cheboygan. Corey was only miles from the yard at the time of the accident and was not transporting any property.[2]

After a hearing regarding the business-use exclusion, the trial court issued an opinion and order holding that neither prong of the policy's business-use exclusion was applicable. The trial court noted that Corey had yet to pick up the trailer at the time of the accident, Corey was not under orders to be at Great Lakes Carriers's yard at a particular time, Corey was free to complete personal business before arriving at the yard, and there was an oral agreement that Corey would not be paid until the cab was coupled with the trailer. The trial court also concluded that the lack of a written lease and the lack of a state identification card from Great Lakes Carriers suggested that the truck was not being used in the business of anyone who had leased the truck. The trial court held that Empire's policy was in full force at the time of the accident and rejected Empire's objections to the garnishment. Empire now appeals.

---

[2] For the reasons stated later in this opinion, this Court need not consider the second clause of the business-use exclusion regarding whether there was a lease agreement.

II. STANDARD OF REVIEW

"Questions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

III. ANALYSIS

Empire contends that the first part of the business-use exclusion applies and precludes coverage and garnishment by Great Lakes Carriers and Sargent.[3] We agree. "[I]nsurance polices are subject to the same contract construction principles that apply to any other species of contract." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 714; 706 NW2d 426 (2005) (emphasis, quotation marks, and citation omitted) (alteration in original). Thus, insurance contracts must be interpreted according to the terms in the contract and when the terms are clear, they must be enforced as written. *Westfield Ins Co v Ken's Serv*, 295 Mich App 610, 615; 815 NW2d 786 (2012); *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 24; 800 NW2d 93 (2010). Moreover, "[e]xclusionary clauses in insurance policies are strictly construed in favor of the insured," although "[c]lear and specific exclusions must be given effect because an insurance company

---

[3] Empire makes a passing assertion that the motion for reconsideration was improperly denied. However, Empire failed to include this issue the section of its brief setting forth the questions involved. Therefore, this issue is "not preserved for appeal" and we need not consider it. *Busch v Holmes*, 256 Mich App 4, 12; 662 NW2d 64 (2003); see also MCR 7.212(C)(5) (stating that an appellant's brief must include "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal" and "[e]ach question must be expressed and numbered separately"). But even considering Empire's passing assertion that the motion for reconsideration was improperly denied, we find the issue to be meritless.

cannot be liable for a risk it did not assume." *Hayley v Allstate Ins Co*, 262 Mich App 571, 574; 686 NW2d 273 (2004) (quotation marks and citation omitted). If the terms of an insurance policy are not "clearly defined within the policy" they are "given their commonly used meaning." *Group Ins Co of Mich v Czopek*, 440 Mich 590, 596; 489 NW2d 444 (1992).

The first part of the business-use exclusion states that coverage does not apply when bodily injury or property damage occur "while a covered auto is used to carry property in any business . . . ." (Quotation marks omitted.) Given that there is no Michigan law directly on point, Empire cites numerous federal cases that involve the exact same exclusionary language concerning an automobile being "used to carry property in any business." One such case is *Carriers Ins Co v Griffie*, 357 F Supp 441, 442 (WD Pa, 1973), which involved a vehicle driven by the owner but leased to a carrier. The carrier dispatched the driver to pick up a load, and, consistently with the carrier's policy, the driver first drove to a garage to have the truck inspected. *Id*. At the garage, the driver drove over the victim's foot, which resulted in the subsequent litigation regarding an exclusion in the insurance policy that stated coverage did not apply "while the automobile . . . is used to carry property in any business[.]" *Id*.

When interpreting this phrase, the court stated that "[t]he mere fact that no cargo was being handled at the particular moment when the accident occurred does not mean that the [truck] was not 'used to carry property in any business.' " *Id*. The court stated that the truck "was regularly so used to carry property in the carrier's business as a trucker" and "[i]f the intent had been to extend coverage except when the [truck] was actually hauling a load, it would not have been difficult to

express such an intention clearly." *Id.* The court ultimately held that the insurance company was not liable under the policy. *Id.* at 443.

Likewise in this case, the parties agree that Corey was under dispatch at the time of the accident and was only a couple of miles away from the yard. Even though Corey did not have to be at the yard at a specific time, he was not driving aimlessly, and there is no dispute that he was specifically driving to the yard to attach the loaded trailer and drive to Cheboygan. While Corey was not carrying property at the time of the accident, the exclusion does not state that the auto must be carrying property. Rather, the exclusion applies "while the covered auto is used to carry property in any business . . . ." (Quotation marks omitted.) The term "while" is defined as "an interval of time," and the term "use" is defined as "to employ for some purpose; put into service[.]" *Random House Webster's College Dictionary* (2001).[4] Further, the policy at issue in this case is titled "Insurance for Non-Trucking Use." Because Corey was purposely driving to the yard to transport property, the accident occurred during an interval of time when the truck was employed for the purpose of carrying property in the trucking business. This is not a case in which the driver was engaged in an activity unrelated to the business of transporting property, such as driving a truck on a personal matter, to which the exclusion would not apply.[5]

---

[4] As previously noted, if the terms of an insurance policy are not "clearly defined within the policy" they are "given their commonly used meaning." *Group Ins Co of Mich*, 440 Mich at 596.

[5] In *Connecticut Indemnity Co v Stringfellow*, 956 F Supp 553, 558 (MD Pa, 1997), a federal district court interpreted a phrase similar to the exclusion in this case to mean that the automobile must actually be carrying property in order for the exclusion to apply. However, in *Stringfellow*, the driver was not under any order to pick up or drop off

We must apply the plain language of the contract as written. See *Westfield Ins Co*, 295 Mich App at 615. If the parties had intended to draft an exclusion limiting coverage to only those occasions when cargo was actually, physically, on the truck, they were free to do so. But they did not. Instead, the language of the exclusion is "*while* a covered auto *is used to carry property* in any business," not "while a covered auto is *carrying* property in any business." (Quotation marks omitted; emphasis added.) To disregard the word "while" or the phrase "is used" would violate this Court's mandate to give effect to every word, phrase, and clause in order to avoid rendering terms surplusage or nugatory. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

### IV. CONCLUSION

Given that the first clause of the business-use exclusion applies, we need not address whether the second clause, relating to a lease or rental agreement, applies. Moreover, because the business-use exclusion applies, Empire was relieved from any obligation to provide coverage under the contract, and the trial court erred by concluding otherwise. We reverse the decision of the trial court and quash the writs of garnishment. We do not retain jurisdiction.

RONAYNE KRAUSE, P.J., and BORRELLO, J., concurred with RIORDAN, J.

property, nor was he engaged in any sort of inspection as was the driver in *Griffie*. The driver in *Stringfellow*, instead, was having his truck washed and was shopping for a Christmas present. *Id.* at 555-556.