*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID WIEGAND, II,

       Plaintiff-Appellee,

v

ILEAN M. MENHENNICK TRUST, by NANCY
HOGAN, Trustee,

       Defendant/Third-Party
       Plaintiff/Appellee,

TIMOTHY E. MENHENNICK,

       Third-Party Defendant/Appellant,

and

PATRICK J. MENHENNICK and DENNIS J.
MENHENNICK,

       Third-Party Defendants/Appellees.

UNPUBLISHED
March 10, 2020

No. 347456
Marquette Circuit Court
LC No. 17-055380-CH

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

In this partition action, third-party defendant-appellant, Timothy E. Menhennick (Timothy), appeals as of right a January 9, 2019 order, which was entered following a bench trial. We affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY

This appeal arises from a partition action involving two adjoining parcels of real estate located in Marquette County, Michigan. The first parcel of land is known as the Home Parcel, and

-1-

it is owned by the Ilean M. Menhennick Trust (the Trust).[1]  The Home Parcel is 417.42 feet long by 208.71 feet wide, and it contains a house and garage.  The second parcel of land is known as the Farm Parcel, and it consists of 70 acres of land.  The Trust owns a 40 percent interest in the Farm Parcel, and Timothy and third-party defendants-appellees Patrick Menhennick (Patrick) and Dennis Menhennick (Dennis) each own a 20 percent interest in the Farm Parcel.  The Home Parcel and the Farm Parcel both access Cherry Creek Road through a shared driveway, and the driveway is the only reasonable means of ingress and egress.

At some point in 2015 or early 2016, the Home Parcel was listed for sale in order to generate funds for the Trust.  Plaintiff David Wiegand, II, made an offer to purchase the Home Parcel, and the Trust accepted the offer.  In relevant part, Wiegand's offer was subject to a survey being conducted and "review of the easement language."  After the survey was conducted, it was discovered that almost half of the house was located on the Farm Parcel.  It was also discovered that the boundary line ran through the garage and that the driveway that serviced the Farm Parcel and the Home Parcel was contained on the Farm Parcel.

After Weigand, the Trust, Timothy, Dennis, and Patrick were unable to resolve the boundary issue, Weigand filed a claim for specific performance and quiet title.  Wiegand also alleged that the parties acquiesced to the boundary lines, and he sought reformation of the legal description for the property based on a material and mutual mistake of fact.  The Trust answered the complaint, in relevant part, alleging that it could not comply with the sale agreement because the Trust did not own a significant portion of the property.  The Trust also alleged that resolution of the boundary issue would require Timothy, Dennis, and Patrick's cooperation.  The trial court later granted the Trust leave to file a third-party complaint against Timothy, Dennis, and Patrick.  The third-party complaint sought partition of the Farm Parcel or, in the alternative, sale of the portion of the Farm Parcel that did not contain the house, garage, and driveway.  Timothy, Dennis, and Patrick each filed answers to the third-party complaint.  The parties attempts to resolve the issue in mediation were unsuccessful.

On September 27 and September 28, 2018, the trial court held a bench trial on the Trust's partition action.  William Sullivan, the trustee at the time of trial, testified that the .77 acres of the Farm Parcel that contained the house, garage, and driveway should be transferred to the Home Parcel in order to retain the Home Parcel's value.  Sullivan also testified that the Farm Parcel should be permitted to continue to use the driveway through an easement.  Sullivan believed that transfer of the .77 acre parcel to the Home Parcel was a fair and simple conveyance that would not meaningfully diminish the value of the Farm Parcel given that the width of the proposed grant was only a little over 77 feet.  To compensate Timothy, Patrick, and Dennis for the transfer of the .77 acre parcel, Sullivan proposed reducing the Trust's ownership interest in the Farm Parcel.  Specifically, Sullivan recommended that the Farm Parcel be sold and that the Trust receive 38.8 percent of the proceeds and that Timothy, Dennis, and Patrick each receive 20.4 percent of the proceeds.  Sullivan advocated for the sale of the remaining portion of the Farm Parcel because he

---

[1] The Trust was established by Ilean M. Menhennick, who is the mother of Timothy and third-party defendants-appellees Patrick Menhennick and Dennis Menhennick.  Ilean died before the partition action commenced.

did not think that partitioning the remainder of the Farm Parcel would maximize its value. He also did not think that the parties would be able to agree on how to divide the Farm Parcel. Sullivan requested that he be granted authority to list the Farm Parcel for sale with the appropriate real estate broker so that it could be marketed in a manner that would maximize sale proceeds.

Timothy, Dennis, and Patrick also testified at trial. Timothy and Dennis both testified that they wanted to transfer the portion of the Farm Parcel that contained the house and garage, but that they wanted the Farm Parcel to maintain ownership of the driveway. Timothy and Dennis both proposed that the Home Parcel be permitted to continue using the driveway by way of an easement. However, Timothy and Dennis did not agree about what should happen to the remainder of the Farm Parcel. Given the family dynamic, Dennis believed that sale of the Farm Parcel was proper, and Patrick agreed with Dennis. In contrast, Timothy proposed that the Farm Parcel be divided and distributed to him, the Trust, Patrick, and Dennis. In the event that the trial court ordered sale of the Farm Parcel, Timothy did not believe that Sullivan should be granted authority to list the property for private sale.

On January 9, 2019, the trial court issued a written opinion and order. The trial court concluded that the Farm Parcel should be partitioned in kind, and it ordered transfer of the .77 acres of the Farm Parcel that contained the house, garage, and driveway to the Home Parcel. The trial court held that the Farm Parcel would be granted an easement to the driveway. In order to compensate Timothy, Dennis, and Patrick for the transfer of the .77 acres, the trial court adjusted the parties' ownership interests in the Farm Parcel.[2] Additionally, based on a finding that the Farm Parcel could not be partitioned without great prejudice to the owners, the trial court ordered sale of the remainder of the Farm Parcel. The trial court granted the trustee (or any successor trustee) authority to "take all steps necessary to sell the Farm Parcel in a reasonable manner that maximize[d] the value of the property." In relevant part, the trial court granted the trustee "the right to retain a real estate broker/agent and list the property as it deem[ed] appropriate . . . ." This appeal followed.

## II. ANALYSIS

### A. PARTIAL PARTITION OF THE FARM PARCEL

Timothy argues that the trial court erred by failing to comply with MCR 3.402(B)'s requirement to appoint a partition commissioner before it entered an order, which partitioned the Farm Parcel in part. Because this issue is unpreserved, we review for plain error. See *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error has affected a party's substantial rights when there is "a showing of prejudice, i.e., that the error affected the outcome of the lower court

---

[2] The Trust's ownership interest was reduced to 38.578 percent. Timothy, Dennis, and Patrick's interests each increased to 20.474 percent.

proceedings." *Carines* at 763. The party alleging error on appeal bears the burden of persuasion with respect to prejudice. *Id.*

MCL 600.3304 provides, "All persons holding lands as joint tenants or as tenants in common may have those lands partitioned." Under MCR 3.401, if a trial court determines that a premises can be partitioned, the trial court must follow the procedure outlined in MCR 3.402. MCR 3.402 provides, in pertinent part, the following:

> **(A)  Determination of Parties' Interests.**  In ordering partition the court shall determine the rights and interests of the parties in the premises, and describe parts or shares that are to remain undivided for owners whose interests are unknown or not ascertained.

> **(B)  Appointment of Partition Commissioner.**

> (1)  The court shall appoint a disinterested person as partition commissioner to make the partition according to the court's determination of the rights and interests of the parties. If the parties agree, three commissioners may be appointed who shall meet together to perform their duties and act by majority vote.

Thus, after a trial court determines that a premises can be partitioned, the trial court is required to determine "the rights and interests of the parties in the premises" and "appoint a disinterested person as partition commissioner to make the partition according to the court's determination of the rights and interests of the parties."[3] The trial court in this case did not appoint a partition commissioner. Instead, the trial court determined the interests of the Trust, Timothy, Dennis, and Patrick in the Farm Parcel, and then immediately made the partition itself. We conclude that the trial court plainly erred by failing to appoint a disinterested partition commissioner to make the partition.

However, we conclude that Timothy has failed to carry his burden of demonstrating that the error at issue in this case was outcome-determinative. Timothy argues on appeal that, because the trial court failed to comply with MCR 3.402(B), his position concerning the manner in which the Farm Parcel should be divided was not considered by a partition commissioner. However, review of the record establishes that Timothy had ample opportunity to have his position heard at the bench trial. Specifically, Timothy made a lengthy opening statement, at which time Timothy argued that the trial court should not transfer .77 acres of the Farm Parcel to the Home Parcel and should instead transfer "the minimum necessary to accommodate everybody." Timothy also argued that the Farm Parcel should maintain ownership of the portion of the Farm Parcel that contained the driveway. Timothy cross-examined Sullivan at length concerning his proposal that .77 acres be transferred from the Farm Parcel to the Home Parcel. Timothy questioned Patrick about his preference, and Timothy testified at length about his preference concerning the Farm

---

[3] Court rules are interpreted according to their plain and ordinary meaning. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). The word "shall" is generally used to designate a mandatory—as opposed to permissive—provision. *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013).

Parcel. After the close of proofs, the trial court provided Timothy with the opportunity to submit proposed findings of fact and conclusions of law within 14 days, but Timothy did not do so. Thus, Timothy was provided with the opportunity to be heard before the trial court. Notably, Timothy does not argue on appeal that he would have made different arguments before a partition commissioner, and he has not explained or rationalized on appeal how a partition commissioner has knowledge or experience that is greater than or different from that of the trial court. Because Timothy was provided ample opportunity to be heard, we conclude that Timothy's substantial rights were not affected by the trial court's failure to appoint a partition commissioner. Consequently, Timothy is not entitled to relief under plain-error review.

## B. SALE OF THE FARM PARCEL

Timothy argues that trial court erred as a matter of law by appointing Sullivan to conduct the sale of the remainder of the Farm Parcel and by permitting private sale of the Farm Parcel. Because Timothy raised these arguments before the trial court, they are preserved for review. See *Gen Motors Corp*, 290 Mich App at 386.

"An action to partition land is equitable in nature," *In re Temple Marital Trust*, 278 Mich App 122, 141; 748 NW2d 265 (2008), and a trial court's equitable decisions are reviewed de novo on appeal, *Wengel v Wengel*, 270 Mich App 86, 90; 714 NW2d 371 (2006). "This Court reviews a trial court's findings of fact in a bench trial for clear error and reviews de novo its conclusions of law." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651; 662 NW2d 424 (2003). This Court reviews de novo whether a trial court properly interpreted and applied relevant court rules and statutes. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

Under MCR 3.401(B), "[i]f the court determines that the premises cannot be partitioned without undue prejudice to the owners, it may order the premises sold in lieu of partition under MCR 3.403." Procedural requirements related to the sale of real property are contained in MCR 3.403, which provides, in relevant part, the following:

**(B) Specific Procedures and Requirements of Sale.**

(1) The person appointed by the court to conduct the sale shall give notice of the sale, including the terms. Notice must be given in the same manner as required by MCL 600.6052.

(2) Neither the person conducting the sale nor anyone acting in his or her behalf may directly or indirectly purchase or be interested in the purchase of the premises sold. . . .

* * *

(4) After completing the sale, the person conducting the sale shall file a report with the court . . . .

(5) If the court confirms the sale, it shall enter an order authorizing and directing the person conducting the sale to execute conveyances pursuant to the sale.

Thus, MCR 3.403(B)(1) clearly contemplates that a trial court will appoint a "person" to conduct the sale of property. Pursuant to MCR 3.403(B)(2), neither "the person" who conducts the sale nor anyone acting on that person's behalf "may directly or indirectly purchase" the property. Thus, the plain language of MCR 3.403(B)(2) reveals that it is aimed at prohibiting a party interested in purchasing the property from conducting the sale of the property. In this case, however, there is no indication that Sullivan was interested in purchasing the Farm Parcel. Rather, review of the record supports that Sullivan was aware of his fiduciary duties and that he intended to comply with those duties. Because there is no evidence to support that Sullivan was interested in purchasing the Farm Parcel, we conclude that the trial court did not err as a matter of law when it appointed Sullivan, who was the trustee at the time of trial, to conduct the sale.

Next, Timothy argues that the trial court failed to comply with MCL 600.3332 and order that the Farm Parcel be sold at public auction. However, because Timothy did not identify this issue in the statement of questions presented as required by MCR 7.212(C)(5), we need not consider it, see *Hunt v Drielick*, 298 Mich App 548, 554 n 3; 828 NW2d 441 (2012), rev'd on other grounds 496 Mich 366 (2014). Nonetheless, for purposes of completeness, we have considered the argument and find that it is without merit because the trial court was not mandated under MCL 600.3332 to order the Farm Parcel to be sold at public auction.[4]

Finally, Timothy argues that MCR 3.403(B)(1) and MCL 600.6052 required the Farm Parcel to be sold at a public auction. MCR 3.403(B) concerns the procedures and requirements for the sale of property. As relevant here, MCR 3.403(B)(1) provides that "[t]he person appointed by the court to conduct the sale shall give notice of the sale, including the terms. Notice must be given in the same manner as required by MCL 600.6052." Thus, MCR 3.403(B)(1) specifically incorporates the notice requirements outlined in MCL 600.6052, and mandates that those requirements be followed by the person conducting the sale.

MCL 600.6052 provides the following:

> Prior to the sale of any real estate taken on execution, notice of the time and place of holding the sale, the notice to describe the real estate with common certainty by setting forth the name or number of the township in which it is located, and the number of the lot, or by other appropriate description of the premises shall be given as follows:
>
> (1) A written or printed notice shall be displayed in 3 public places in the township or city where the real estate is to be sold at least 6 weeks prior to the sale, and if the sale is in a township or city other than that wherein the premises are located, notice shall also be displayed in 3 public places in the township or city in which the premises are located.
>
> (2) A copy of the notice shall be published once each week for the 6 successive weeks prior to the sale in a newspaper printed in the county in which the

---

[4] The term "may" generally indicates discretion. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008).

premises are located, or, if there is no newspaper, in a newspaper printed in an adjoining county.

Thus, MCL 600.6052 contemplates providing notice to the public for purposes of completing a public sale of real property. Because MCR 3.403(B)(1) incorporates the notice requirements outlined in MCL 600.6052, we conclude that a public sale is required in a partition action.[5]

In this case, the trial court granted the trustee authority to sell the Farm Parcel "in a reasonable manner that maximize[d] the value of the property." The trial court also authorized the trustee to "retain a real estate broker/agent and [to] list the property as it deems appropriate . . . ." The plain language of the order compels the conclusion that the trial court granted the trustee permission to sell the Farm Parcel in a private sale, which is contrary to MCR 3.403(B)(1) and MCL 600.6052's requirements. Because the trial court did not require the trustee to comply with MCR 3.403(B)(1) and MCL 600.6052, the trial court erred as a matter of law.

The Trust argues that, under MCR 2.613, the trial court's error does not require reversal because the trial court's decision to permit private sale of the Farm Parcel was harmless. Under MCR 2.613(A), "an error in a ruling or order . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice." Sullivan's testimony at trial supported that listing the Farm Parcel through a real estate broker and conducting a private sale could generate more revenue. However, this Court cannot evaluate the accuracy of Sullivan's testimony because there is no evidence that the Farm Parcel has been privately sold. In fact, in its brief on appeal, the Trust denies that the Farm Parcel has even been listed for sale. Consequently, there is no evidence before this Court to support the Trust's argument that the trial court's decision to permit a private sale was harmless error, i.e., was not inconsistent with substantial justice.

Further, there are advantages to public sales. The purpose of a public sale is to ensure competitive bidding in order to secure the highest bid. See e.g., *Schnackenberg v State Land Office Bd*, 307 Mich 1, 6; 11 NW2d 303 (1943); *Gauss v Central West Cas Co*, 289 Mich 15, 22-23; 286 NW 139 (1939); *Fletcher v Johnson*, 139 Mich 51, 53-54; 102 NW 278 (1905). Although there are costs associated with public sales that must be paid from the proceeds of the sale of real estate, MCR 3.403(C), the record supports that the costs associated with a public sale would be less than the costs associated with a private sale. Sullivan testified that a real estate broker would require a commission of somewhere between six to eight percent of the proceeds of the sale. Although Sullivan did not know how much a public sale would cost, he "assum[ed] that the commission from a real estate broker would probably be more than the Sheriff would charge for a sale on the [courthouse] steps." Furthermore, Sullivan agreed that, even if the sale was public, sale of the Farm Parcel could be advertised in order to generate interest before the sale occurred. Because we cannot conclude that the trial court's decision to disregard the mandates of MCR 3.403(B)(1) and

---

[5] The language contained in MCR 3.403 further reflects that a private sale is not contemplated in a partition action. Specifically, MCR 3.403 references "the person conducting the sale," MCR 3.403(B)(7) refers to "the successful bidder" and "bidder," and MCR 3.403(C) references "the proceeding."

MCL 600.6052 was harmless error, we vacate the portion of the order permitting the trustee to list the Farm Parcel for private sale and remand the matter to the trial court with instructions to order the trustee to comply with MCR 3.403(B)(1) and MCL 600.6052 when conducting the sale of the Farm Parcel.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica