# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY COPACIA,

        Plaintiff/Counter-Defendant-
        Appellee/Cross-Appellant,

UNPUBLISHED
September 20, 2016

v

MARTIN GINZINGER,

        Defendant/Counter-Plaintiff-
        Appellant/Cross-Appellee.

No. 323924
Oakland Circuit Court
LC No. 2014-138581-CK

ON RECONSIDERATION

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Plaintiff filed an action against defendant for breach of contract, unjust enrichment, implied contract/quasi-contract, fraud, and breach of fiduciary duty. Defendant filed a motion for summary disposition based on MCR 2.116(C)(8) and (10). The trial court granted summary disposition of plaintiff's breach of contract claim, denied defendant's motion on the remaining claims, and denied defendant's motion for reconsideration. We granted defendant's motion for immediate consideration, his application for leave to appeal the trial court's denial of summary disposition on plaintiff's remaining claims, and his motion for a stay of trial court proceedings pending interlocutory appeal. *Timothy Copacia v Martin Ginzinger*, unpublished order of the Court of Appeals, entered November 14, 2014 (Docket No. 323924). Plaintiff cross-appealed that portion of the trial court's order granting summary disposition in favor of defendant on plaintiff's breach of contract claim. For the reasons discussed in this opinion, we affirm in part, reverse in part and remand.

Plaintiff and defendant formed the limited liability corporation of Copacia and Ginzinger Development, LLC (the LLC) in 1998 as equal members. The LLC, which had an operating agreement (the LLC operating agreement), was formed in accordance with the Michigan Limited Liability Company Act, MCL 450.4101, *et seq.*, to own a parcel of undeveloped land in Oakland Township and develop it into a residential site condominium development, later established as Wynridge Condominium (Wynridge). The development did not go as planned by the parties, resulting in the development's financing being restructured with funds provided by plaintiff and at times the joint funds of him and his wife. Plaintiff filed this action, seeking to recover 50% of

-1-

the operating expenses and costs pursuant to a purported oral agreement between the parties. Defendant filed a counter-complaint, seeking a declaratory judgment relating to the "proper adjustment of the parties' sharing ratios in the LLC and the disbursement of escrowed funds in the amount of approximately $135,000."

Defendant first argues that the trial court should have dismissed plaintiff's remaining claims—unjust enrichment, implied contract/quasi-contract, fraud, and breach of fiduciary duty—under MCR 2.116(C)(10) because of the express terms of the LCC operating agreement. We agree.

We review a trial court's decision on a motion for summary disposition de novo. *Jimkoski v Shupe*, 282 Mich App 1, 4; 763 NW2d 1 (2008). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

The LLC operating agreement is the written agreement regulating the parties conduct in this matter. See MCL 450.4102(2)(r).[1] An operating agreement is a contract between the members of a limited liability company and is interpreted according to principles of contract interpretation. In *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008) (quotation marks and citations omitted), this Court discussed the rules regarding the interpretation of contracts, such as the LLC operating agreement:

> Under ordinary contract principles, if contractual language is clear, construction of the contract is a question of law for the court. If the contract is subject to two reasonable interpretations, factual development is necessary to determine the intent of the parties and summary disposition is therefore inappropriate. If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous. The language of a contract should be given its ordinary and plain meaning.

"[C]ourts must also give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United States Ins Group Agency, Inc.*, 468 Mich 459, 468; 663 NW2d 447 (2003).

The parties disagree as to whether certain payments made were capital contributions either under the LLC operating agreement or under the Michigan Limited Liability Act. The act, MCL 450.4102(2)(d), defines a "contribution" as "anything of value that a person contributes to the limited liability company as a prerequisite for, or in connection with, membership, including cash, property, services performed, or a promissory note or other binding obligation to contribute cash or property, or to perform services." With respect to capital contributions, the LLC operating agreement provides:

---

[1] Section 4102(2) was amended by 2015 PA 157, effected January 18, 2016. The language applicable to this case, MCL 450.4102(2)(b), (d) and (r), remains unchanged.

¶ 2.4.  Member's Accounts: Separate Capital Accounts for each Member shall be maintained by the Company.  Each Member's Capital Account shall reflect the Member's capital contributions and increases for the Member's share of any net income or gain of the Company.  Each Member's Capital Account shall also reflect decreases for the distributions made to the Member and the Member's share of any losses and deductions of the Company.

* * *

¶ 3.1.  Initial Commitments and Contributions.  By the execution of the Operating Agreement, the initial Members hereby agree to make the capital contributions [$100 each].  The interests of the respective Members in the total capital of the Company (their respective "Sharing Ratios," as adjusted from time to time to reflect changes in the Capital Accounts of the Members and the total capital in the Company) is also set forth in Exhibit A.  Any additional Member . . . shall make the capital contribution set forth in an Admission Agreement.  *No interest shall accrue on any capital contribution and no member shall have any right to withdraw or to be repaid any capital contributions except as provided in this Operating Agreement.*  [Emphasis added.]

The LLC operating agreement also provides that "net profits, net losses, and other items of income, gain, loss, deduction and credit" of the LLC "shall be allocated among the Members in accordance with their Sharing Ratios."  Members are also "entitled to reimbursement from the Company of all expenses of the Company reasonably incurred and paid for by such Member on behalf of the Company."

We conclude that plaintiff's breach of contract claim was an attempt to circumvent the plain language of the LLC operating agreement, which restricted plaintiff's remedy to reallocation of the member's sharing ratios.  Paragraph 10.4 of the LLC operating agreement expressly provides that it supersedes any other agreement between the parties, which includes the purported oral agreement between plaintiff and defendant regarding payment of the costs and expenses related to the development of Wynridge.  Paragraph 10.6 provides that to be valid, any change in the LLC operating agreement must be "in writing and signed by all of the parties to" the LLC operating agreement.  We will not imply a contract if the parties, like in this case, have an express agreement covering the same subject matter.  *AFT Mich v Michigan*, 303 Mich App 651, 661; 846 NW2d 583 (2014).

Plaintiff's argument that the payments he made to continue the development of the property were not capital contributions because the parties did not maintain individual records of capital accounts is unavailing.  Regardless of whether the parties complied with the terms of the LLC operating agreement by maintaining records of any contributions of the parties, the LLC operating agreement expressly states that it is the only agreement between the parties, and that it supersedes any other agreement purportedly related to the sharing of the Wynridge development costs and expenses.  The trial court correctly applied the express terms of the LLC operating agreement and dismissed plaintiff's claim for breach of a purported oral agreement.

We conclude that MCL 450.4302 also requires dismissal of plaintiff's remaining claims. MCL 450.4302(1) provides that "[a] promise by a member to contribute to the limited liability company is not enforceable unless the promise is in writing and signed by the member." As previously stated, MCL 450.4102(d) defines "contribution" as "anything of value that a person contributes to the limited liability company as a prerequisite for, or in connection with, membership, including cash, property, services performed, or a promissory note or other binding obligation to contribute cash or property, or to perform services." The purported oral agreement between the parties to evenly split the Wynridge development costs and expenses clearly falls within the language of MCL 450.4302(1). Plaintiff's attempt to distinguish the applicability of the statute by stating that the obligations discussed in the definitions cited by defendant run to the LLC, not its members, and that the things of value must be contributed to the LLC in exchange for ownership of it, is unavailing. A contribution expressly includes "anything of value that a person" contributes to the LLC "in connection with membership," not just things of value contributed to the LLC. Moreover, the purported agreement was not an individual agreement between the parties outside the parameters of the LLC operating agreement, because the LLC operating agreement expressly states that it represents the full agreement between the members and supersedes any other agreement. It is nonsensical for plaintiff to now argue that any purported agreement dealing with the sharing of costs and expenses related to the development of Wynridge—the development that formed the basis for creating the LLC—does not qualify as a contribution for purposes of MCL 450.4302(1). Thus, the trial court should have also dismissed plaintiff's unjust enrichment, implied contract/quasi-contract, breach of fiduciary duty, and fraud claims because the agreement to contribute to the LLC was not in writing and signed by the members as required under MCL 450.4302.

We also reject plaintiff's claim that the partial performance exception to the statute of frauds prohibits application of MCL 450.4302(1) to his remaining claims. Plaintiff fails to cite any authority that the partial performance exception, *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 540; 473 NW2d 652 (1991), applies to MCL 450.4302(1). See *id*. at 541 (stating that the doctrine of partial performance was inapplicable where the plaintiffs failed to offer support that the doctrine applied to the employer's alleged agreement to pay some employees commissions "forever" based on a percentage of premiums for sales of insurance policies and where the purported agreement could not be performed within one year). This Court will not search for authority to sustain or reject a party's position and the failure to cite authority in support of an issue results in abandonment of the issue. *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002).

The trial court should have also dismissed plaintiff's fraud and breach of fiduciary duty claims under MCR 2.116(C)(8) as a matter of law because those claims are based on a breach of the LLC operating agreement and were not based on a breach of a duty separate and distinct from the duties imposed by the agreement. Plaintiff's argument is premised on the existence of a valid oral agreement under which defendant purportedly agreed to evenly split the development costs and expenses. As explained earlier, the LLC operating agreement alone controls the members obligations related to the development of Wynridge and supersedes the purported oral argument. Plaintiff's claims of fraud and breach of fiduciary duty must therefore, be premised on a breach of the LLC operating agreement. Defendant properly reasons that because the LLC operating agreement does not include a specific obligation to the LLC to contribute to the LLC and the development of Wynridge, the members had no duty to contribute.

Plaintiff argues on cross-appeal that the trial court erred by dismissing his breach of contract claim. Plaintiff's argument that the agreement on which he sued defendant was the purported oral agreement fails. The LLC operating agreement specifically supersedes any and all other agreements—including the purported oral agreement—and the agreement was never amended as allowed by ¶ 10.6 of the LLC operating agreement. Thus, the trial court did not err by dismissing plaintiff's breach of contract claim that was premised on the purported oral agreement. Read together, ¶¶ 2.14, 3.1, and 4.1 do not obligate the parties to evenly split the costs and expenses associated with the development. Paragraph 2.14 provides that a member's capital account shall reflect the member's capital contributions and increases for the member's share of any net income or gain of the Company. Nothing in this section provides that defendant was liable for half of the Wynridge development costs and expenses. Paragraph 3.1 does provide that the respective sharing ration is set forth in exhibit A to the LLC operating agreement and that it is currently split evenly between the parties or 50% to each member. However, this sets the sharing ratio for sharing profits and losses and does not require defendant to pay half of the costs and expenses. Paragraph 4.1 provides that "net profits, net losses, and other items of income, gain, loss deduction, and credit of [LLC] shall be allocated among the Members in accordance with their Sharing Rights." While the sharing rights are currently split evenly, this section does not speak to or obligate members to evenly split development costs and expenses.

Next, plaintiff argues that doctrines of waiver, estoppel, and modification warrant reversal of the trial court's dismissal of the breach of contract claim because defendant acted in a manner contrary to the terms of the LLC operating agreement. These doctrines were pled as affirmative defenses by plaintiff in his answer to defendant's counter-claim, but were abandoned thereafter. In general, Michigan follows the "raise or waive" rule of appellate review. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). "Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal." *Id*. (quotation marks and citation omitted). "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Id*. at 388. This Court will exercise that discretion sparingly and only where exceptional circumstances warrant review. *Booth v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993). We conclude there are no exigent circumstances in this case that require review in this case. *Id*. Cf. *Perin v Peuler*, 373 Mich 531, 534; 130 NW2d 4 (1964) (concluding that resolution of the issue was necessary to quell confusion generated by our Supreme Court's earlier opinions). Thus, because plaintiff did not make his argument related to waiver, estoppel, and modification in the trial court, we consider it waived on appeal. *Walters*, 481 Mich at 387-388.

We affirm the trial court's dismissal of plaintiff's breach of contract claim, reverse the denial of defendant's motion for summary disposition of plaintiff's remaining claims and remand defendant's counter-claim for declaratory relief to the trial court for adjudication. Costs awarded to defendant as the prevailing party. MCR 2.625(A)(1).

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens