*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF CALHOUN COUNTY
TREASURER FOR FORECLOSURE.

---

CALHOUN COUNTY TREASURER,

Petitioner-Appellee,

v

MONICA YATES, JAMES YATES, LEE
CORNISH, CAROL MCLEOD, MICHAEL
CROMWELL, JUSTIN PURDUN, RONALD
LEAR, and DEBORAH HERNANDEZ, Personal
Representative of the ESTATE OF HAROLD L.
HUBBARD,

Claimants-Appellants.

UNPUBLISHED
December 03, 2024
12:21 PM

No. 367801
Calhoun Circuit Court
LC No. 2020-001122-CZ

---

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

This case involves the disposition of proceeds generated by the tax-foreclosure sales of several properties. Claimants Monica Yates; James Yates; Lee Cornish; Carol McLeod; Michael Cromwell; Justin Purdun; Ronald Lear; and Deborah Hernandez, personal representative of the Estate of Harold L. Hubbard, appeal by right the order denying their amended motion to disburse the proceeds that remained from the foreclosure sales after the satisfaction of tax delinquencies, interests, penalties, and fees. We affirm.

## I. BACKGROUND

### A. STATUTORY FRAMEWORK

The Michigan Supreme Court held in *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), that former owners of properties sold at tax-foreclosure sales for more than

what was owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." This right continued to exist after fee simple title to the properties vested with the foreclosing governmental unit (FGU). The FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of [Const 1963]," and the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485. When the Court decided *Rafaeli*, the General Property Tax Act (GPTA), MCL 211.1 *et seq*., did not provide a means by which property owners could recover their surplus proceeds.

In response to *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. These acts purported to "codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the [GPTA] . . . ." Enacting Section 3 of 2020 PA 255; Enacting Section 3 of 2020 PA 256. At issue in the current appeal is MCL 211.78t, a provision added to the GPTA by 2020 PA 256. Section 78t provides the means for former owners to claim and receive any applicable "remaining proceeds"[1] from the tax-foreclosure sales of their former properties.

Pursuant to MCL 211.78t(2), property owners whose properties sold at tax-foreclosure sales after July 17, 2020, as did claimants' properties, and who intend to recover any proceeds remaining from the sale after satisfaction of delinquent taxes, interest, penalties, and fees, are required to notify the FGU of their intent by submitting Department of Treasury Form 5743 by the July 1 immediately following the effective date of the foreclosure of their properties.[2] The remainder of the process for returning remaining proceeds flows from the timely submission of Form 5743. In the January immediately following the sale or transfer of foreclosed properties, the FGU notifies those who timely filed Form 5743 about the total amount of remaining proceeds or the amount of shortfall in proceeds, among other things. MCL 211.78t(3)(i). The notice also instructs the claimants that they may move in the circuit court in the foreclosure proceeding to recover any remaining proceeds payable to them. MCL 211.78t(3)(k). Such motion must be filed between February 1 and May 15 of the year immediately following the tax-foreclosure sale. MCL 211.78t(4).

## B. PERTINENT FACTS AND PROCEEDINGS

The individual claimants and the Estate's decedent owned real property in Calhoun County, and they fell behind on their property taxes. Petitioner, acting as the FGU, foreclosed on their properties, effective March 31, 2021. No claimant submitted Form 5743 by July 1, 2021. The

---

[1] *Rafaeli* referred to "surplus proceeds," and MCL 211.78t refers to "remaining proceeds." Claimants moved to recover "remaining proceeds" in the circuit court.

[2] The Michigan Supreme Court also recently held that *Rafaeli* applies retroactively to claims not yet final on July 17, 2020, and that MCL 211.78t applies retroactively to claims arising before its enactment. *Schafer v Kent Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219).

properties were sold at a tax-foreclosure sale in August 2021 for more than the former owners owed in delinquent taxes, interest, fees, and penalties. In March 2022, each individual claimant filed a verified motion to disburse remaining proceeds, and in July, the Estate likewise moved to disburse remaining proceeds. Petitioner opposed the motions because claimants had not timely submitted their notices of intention. Subsequently, claimants filed a combined, amended motion to disburse remaining proceeds, accompanied by a supporting brief in which they raised various statutory and constitutional challenges to the Legislature's system for returning remaining proceeds. The circuit court denied claimants' amended motion after oral argument, holding that the July 1 notice deadline was a requirement to recover their remaining proceeds, and the court impliedly held that MCL 211.78t did not result in an unconstitutional taking.

This appeal followed.

## II. DISCUSSION

Claimants raise a multitude of arguments in favor of their position that the circuit court's order should be reversed, but each argument is without merit.

This Court reviews de novo whether the circuit court properly interpreted and applied the relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). Whether a party has been afforded due process is a question of law that this Court reviews de novo. See *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012) (2012).

## A. RAISE OR WAIVE

Claimants have waived several of the arguments that they raise on appeal by failing to raise them in the trial court.

Claimants concededly raise the following arguments for the first time on appeal: that this Court should rely on MCL 600.2301[3] to disregard claimants' failure to comply with the notice requirement; that this Court should apply the substantial compliance rule to overlook the failure to timely file notice; that the court violated their right to procedural due process by failing to conduct a hearing prior to selling the properties.[4]

"Michigan generally follows the 'raise or waive' rule of appellate review." *Wells v State Farm Fire & Casualty Co*, 509 Mich 855; 969 NW2d 67 (2022) (quotation marks and citation

---

[3] This statute provides that courts "shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties." MCL 600.2301.

[4] Claimants do not address whether this argument is preserved, but we conclude that it is not. An issue is preserved for appeal if the litigant raises it in the circuit court. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Although claimants raised various procedural due-process arguments in the circuit court, they did not argue a due-process violation on the basis that MCL 211.78 does not provide a presale "remaining-proceeds" hearing. Therefore, this issue is not preserved. See *id*.

omitted). In general, "a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (quotation marks and citation omitted). It is true that "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 5. However, claimants have presented us with no compelling reason why we should excuse them from their obligation to afford the trial court an opportunity to hear these arguments. With some of these arguments, claimants note that the same arguments have been properly presented in similar cases currently pending on this Court's docket; however, claimants fail to explain why that means we should consider the arguments in this case.[5] Claimants also cite examples of cases in which preservation requirements were overlooked,[6] but they fail to explain why those cases imply that we should overlook the preservation rules here. Therefore, we decline to overlook the preservation requirements and deem these issues waived.

## B. ISSUES PREVIOUSLY DECIDED

Claimants' remaining arguments have already been considered and rejected by prior published opinions of this Court by which we are bound.

Claimants argue that the Estate's claim for remaining proceeds is not barred by the failure to timely submit Form 5743 because the wrongful-death saving statute, MCL 600.5852(1),[7] applies to toll the July 1 notice deadline. This Court squarely rejected this argument when it decided *In re Barry Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket

---

[5] After the filing of claimants' brief, this Court released an opinion in the consolidated cases claimants cite in which it rejected these arguments. See *In re Petition of Alger Co Treasurer for Foreclosure*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2024 (Docket Nos. 363803 and 363804), pp 6-7 (rejecting application of substantial compliance rule after claimant missed notice deadline); see also *id*. at 12 (rejecting claimants' argument that forfeiture of proceeds based on missing the notice deadline constitutes unjust enrichment).

[6] Importantly, the examples cited all predate this Court's unambiguous proclamation that civil appellants are *not* entitled to plain error review of unpreserved arguments. See *Tolas*, ___ Mich App at ___; slip op at 5.

[7] MCL 600.5852(1) provides as follows:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

-4-

No. 362316).[8] In that case, this Court explained that the savings provision does not apply to toll the notice deadline in MCL 211.78t(2) because "the Legislature's provision of an exception to the preclusive effect of MCL 211.78t(2) in MCL 211.78l necessarily prohibits the application of any other exceptions." *Id*. at ___; slip op at 6. Even if the saving provision applied, it would not apply in the present case because Hubbard died prior to the foreclosure. "[T]he death-saving provision applies only to claims that survive the decedent's death by operation of law. Any claim to surplus proceeds accrued after foreclosure of the property, so the claim was not in existence when [Hubbard] died." *Id*. at ___; slip op at 7.

Claimants raise several arguments that were considered and rejected when this Court decided *In re Petition of Muskegon County Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363764). Claimants argue that petitioner's retention of proceeds remaining from the sale of their properties constitutes a taking without just compensation in violation of Taking Clauses in both the Michigan Constitution and the United States Constitution;[9] that we should apply the harsh-and-unreasonable-consequences exception to MCL 211.78t(2)'s statutory notice requirement;[10] that their right to procedural due process was violated by the statute's failure to provide adequate notice;[11] and that the forfeiture of the proceeds caused by failure to strictly comply with the notice provision violates claimants' rights to substantive due process.[12] Claimants acknowledge that we are bound by the rule of stare decisis to reject these arguments, and we decline their invitation to answer these questions anew.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett

---

[8] We are bound to follow published opinions of this Court that were issued on or after November 1, 1990. MCR 7.215(J)(1). Claimants do not acknowledge that this argument has already been rejected, but this opinion was not released until after claimants filed their brief in this appeal.

[9] See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 9-11.

[10] See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 5-7.

[11] See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 7-9.

[12] See *Muskegon Treasurer*, ___ Mich App at ___; slip op at 9.